726 A.2d 269 (1999)
319 N.J. Super. 569
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert C. HALM, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted February 17, 1999.
Decided March 26, 1999.
*270 Ivelisse Torres, Public Defender, for defendant-appellant (Ross Rosen, Designated Counsel, on the brief).
Wayne J. Forrest, Somerset County Prosecutor, for plaintiff-respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).
Before Judges PRESSLER, KLEINER, and STEINBERG.
The opinion of the court was delivered by KLEINER, J.A.D.
Defendant Robert C. Halm appeals from an order denying his motion for reconsideration of a decision which denied his application into the Somerset County Pre-Trial Intervention Program ("PTI"). Defendant's initial application to PTI was denied, because in addition to the third-degree crime that was the subject of his application he was also charged by separate indictment with crimes of the first-degree, second-degree, and one crime in the third-degree. After he was acquitted of the crimes of the first-degree and the one third-degree crime, and after the then-pending indictment counts charging crimes of the second degree were dismissed on the State's motion, defendant sought reconsideration of his PTI application solely as to a crime of the third degree as originally charged in the separate indictment. The motion judge considered defendant's motion as time-barred. See R. 3:28(h). Defendant appeals from the decision denying his reconsideration motion. Our decision is guided by principles enunciated in State v. Baynes, 148 N.J. 434, 690 A.2d 594 (1997); State v. Wallace, 146 N.J. 576, 684 A.2d 1355 (1996); and State v. Nwobu, 139 N.J. 236, 652 A.2d 1209 (1995). We conclude that, where pending first-degree and second-degree criminal charges preclude the consideration on the merits of a defendant's application to PTI, defendant is entitled upon favorable resolution of those charges to a consideration of his amenability to PTI on a separate criminal charge involving a crime of the third degree. We also conclude that defendant's third-degree criminal conviction does not constitute a per se bar to a reconsideration of his PTI application. We reverse and remand to the Law Division and direct that the Law Division refer defendant's PTI application to the PTI coordinator for consideration ab initio.

I
On July 23, 1994, J.S. reported to the Franklin Township Police Department that she had been sexually assaulted by defendant. J.S. indicated that defendant had used a rope, described as a white clothesline, to tie her to a bed and then forced her to engage in vaginal intercourse and fellatio. When she was untied she fled defendant's home leaving her peach-colored underpants and her driver's license in defendant's bedroom. Based upon J.S.'s complaint, the police sought and obtained a search warrant authorizing a search of defendant's premises for those items as well as the white clothesline, and the mattress upon which the alleged sexual assaults were performed. The search warrant also authorized the police to obtain exemplars of defendant's hair, swabbings of his bodily fluid, and his blood.
During the execution of the search warrant, defendant immediately gave the police J.S.'s driver's license, pointed to the white clothesline on the floor of his bedroom, and readily admitted that J.S.'s underwear could be found in a nightstand in his bedroom. When one of the investigating officers opened the nightstand drawer, he observed a pair of women's peach-colored underwear which was then photographed and then removed for placement in an evidence envelope. When the underwear was removed, in plain view, was a small amount of a white substance, which appeared to be cocaine, a metal object which appeared to be a utensil with a white residue on it, and an object(s) wrapped in cellophane. These items were seized.
Defendant was thereafter indicted in two separate indictments. Indictment Number 94-08-0392-I charged defendant with two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1) and N.J.S.A. 2C:13-1(b)(2) *271 (counts one and two); two counts of firstdegree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3) (counts three and four); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c) (counts five and six); and one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count seven). Indictment Number 94-10-0464-I charged defendant with one count of third-degree possession of a controlled dangerous substance, cocaine, N.J.S.A. 2C:35-10a(1).
Following defendant's indictments, he applied for entry into the PTI program. Defendant received a written communication dated September 6, 1996, from the PTI office indicating that "the Guidelines for Operation of Pretrial Intervention provide that the Prosecutor consent to the filing of an application for enrollment in P.T.I. where a defendant... :(3) is currently charged with a first or second degree offense." Affixed to this communication was the signature of the prosecutor indicating, "I hereby [do] not consent to the filing of this defendant's application for P.T.I." The written communication advised defendant of his "right to be heard" as is required by R. 3:28(c)(3). Defendant did not appeal the prosecutor's decision; thus, a formal order was not entered by the Law Division.
On February 1, 1996, defendant's motion to suppress evidence seized during the search of his residence was denied. Thereafter, defendant was tried to a jury on all counts of both indictments.[1]
At the conclusion of the State's case, the trial judge dismissed count seven of Indictment Number 94-08-0392-I charging terroristic threats. On the remaining counts of the indictment, defendant was acquitted of both counts charging first-degree kidnapping (counts one and two), and both counts charging first-degree aggravated sexual assault (counts three and four). The jury was unable to reach a verdict on the two counts of the indictment charging second-degree sexual assault (counts five and six). Defendant was convicted of third-degree possession of cocaine as charged in Indictment Number 94-10-0464-I.
Defendant was subsequently retried twice on the two indictment counts charging second-degree sexual assault. In each trial the court declared a mistrial. Counts five and six of the first indictment were then dismissed on the State's motion.
Prior to the date scheduled for sentencing for third-degree possession of cocaine, the only charge upon which defendant was convicted, defendant filed a motion seeking "reconsideration of the September 6, 1994 denial of his PTI application." [2] The motion judge, who had presided at defendant's trial, denied defendant's motion. The judge concluded that defendant's motion was untimely as it was not filed within ten days after rejection,[3]R. 3:28(h), and, alternatively, concluded that defendant had failed to demonstrate that the prosecutor's denial of defendant's application was a patent or gross abuse of discretion or "one of those rare cases in which judicial intervention is warranted."
On September 26, 1997, defendant was sentenced to probation for a period of two years with credit for ninety-eight days served in the Somerset County jail and subject to the additional condition that he submit to a drug and alcohol evaluation and treatment if required. Appropriate statutory penalties were imposed and defendant's driver's license was suspended for six months.
On appeal, defendant raises two points of error:
POINT I
THE DECISION TO REFUSE TO SUPPRESS THE EVIDENCE OF THE CONTROLLED DANGEROUS SUBSTANCE FOUND IN DEFENDANT'S DRAWER WAS REVERSIBLE ERROR IN THAT THE SEARCH OF THE DRAWER WAS OUTSIDE THE SCOPE *272 OF THE SEARCH WARRANT (RAISED BELOW).
POINT II
THE DECISION TO DISALLOW DEFENDANT'S ADMISSION INTO THE PRE-TRIAL INTERVENTION PROGRAM WAS REVERSIBLE ERROR (RAISED BELOW).

II
We have carefully reviewed the first point in light of the record of defendant's motion to suppress, the arguments of counsel, and the applicable law, and conclude that defendant's contention is clearly without merit and a written opinion on that point would have no precedential value. See R. 2:11-3(e)(1)(E). See Texas v. Brown, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Bruzzese, 94 N.J. 210, 216, 463 A.2d 320 (1983), cert. denied, 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984).

III
With respect to the PTI issue, we commence our analysis with an abridged discussion of Baynes, supra, 148 N.J. 434, 690 A.2d 594. There, defendant was observed purchasing.44 grams of heroin on a street in Long Branch within nine hundred feet of an elementary school. Id. at 439, 690 A.2d 594. "Baynes was arrested and subsequently indicted by the Monmouth County Grand Jury for Possession of a Controlled Dangerous Substance (CDS), namely heroin, contrary to N.J.S.A. 2C:34-10a(1) and Possession of CDS Within 1,000 Feet of a School Zone, contrary to N.J.S.A. 2C:35-10a(1)." Ibid. Thereafter, Baynes applied for PTI. "The Director of the PTI program accepted Baynes's application for admission. Further, the head of the narcotics team that arrested Baynes did not object to Baynes's diversion. The prosecutor, however, advised Baynes ... that his PTI application was rejected because of that prosecutor's acknowledged policy to deny PTI admission to defendants charged with `school zone offenses,' including those involving possession of CDS for personal use." Id. at 440, 690 A.2d 594.
On appeal to the Law Division, the judge reversed the prosecutor's decision and remanded Baynes's application to the prosecutor for reconsideration. Ibid. On reconsideration, the prosecutor again denied Baynes's application. Ibid. Baynes again sought reconsideration. The Law Division ordered Baynes's admission into PTI over the prosecutor's objection. Ibid. (citing State v. Baynes, 287 N.J.Super. 467, 671 A.2d 211 (Law Div.1995)). We affirmed per curiam. State v. Baynes, 287 N.J.Super. 336, 671 A.2d 146 (App.Div.1996). The State's petition for certification was granted, and thereafter the Court affirmed. Baynes, supra, 148 N.J. 434, 690 A.2d 594. The Court's decision restated several principles: (1) A prosecutor's decision to reject a PTI applicant is regarded with "enhanced deference" or "extra deference," id. at 443, 690 A.2d 594 (citing Nwobu, supra, 139 N.J. at 246, 652 A.2d 1209); (2) "Absent evidence to the contrary, a reviewing court must assume that all relevant factors were considered by the prosecutor's office," id. at 444, 690 A.2d 594 (citing Nwobu, supra, 139 N.J. at 249, 652 A.2d 1209, and State v. Dalglish, 86 N.J. 503, 509, 432 A.2d 74 (1981)); and (3) "A reviewing court may order a defendant into PTI over the prosecutor's objection, only if the defendant can ` "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of ... discretion." `" Ibid. (citing State v. Wallace, supra, 146 N.J. at 582, 684 A.2d 1355, and State v. Bender, 80 N.J. 84, 93, 402 A.2d 217 (1979)).
Since defendant's appeal focuses only on the denial of his motion seeking reconsideration of the initial consideration of his PTI application, we need not consider the third Baynes principle, except to note that the motion judge erred in articulating his alternative reason for denying defendant's motion. Defendant was not seeking admission into the PTI program over a prosecutor's refusal to sanction admission to which the patent and gross abuse of discretion standard applies, Wallace, supra, 146 N.J. at 582, 684 A.2d 1355, but was simply seeking an opportunity to present anew his original application *273 for PTI with reference to an indictment charging a crime in the third degree.
This case does not involve a review of a prosecutor's decision which entailed a review of all pertinent factors alleged by a defendant demonstrating his amenability to PTI diversion. As noted, had the prosecutor's decision encompassed a review of all pertinent factors, the prosecutor's decision would have been entitled to "enhanced deference" or "extra deference." Baynes, supra, 148 N.J. at 443, 690 A.2d 594 (citations omitted). Here, the record reflects that the PTI coordinator, and thereafter the prosecutor, denied defendant's application without considering any facts presented by defendant other than the pendency of the second separate indictment which charged crimes of the first, second, and third degree. That decision, both by the PTI coordinator and the prosecutor, may have been unassailable at the time it was made. N.J.S.A. 2C:43-12(e); R. 3:28 Guideline 3(i); Wallace, supra, 146 N.J. at 585-86, 684 A.2d 1355; Baynes, supra, 148 N.J. at 434, 690 A.2d 594. The consequent unlikelihood of judicial relief therefrom explains defendant's decision not to seek review on an appeal to the Law Division. Yet, we do note that in Wallace, our unreported decision remanded the rejection of defendant's PTI application to the prosecutor after defendant entered a negotiated plea to a crime of the third degree and after the State dismissed the indictment charges of a crime of the second degree and a different crime of the third degree. On appeal, the Court reversed and specifically stated:
The reality of this case is that the prosecutor weighed the relevant and material factors and reached a conclusion that defendant was not an appropriate candidate for PTI.... The problem is the Appellate Division failed to view the prosecutor's decision through the filter of the highly deferential standard of review. The court essentially evaluated the case as if it stood in the shoes of the prosecutor, whereas it should have been focused on whether it amounted to an "arbitrary, irrational or otherwise an abuse of discretion" for the prosecutor to have assigned as much weight to the gravity of the offense as she apparently did in this case.
[Wallace, supra, 146 N.J. at 589, 684 A.2d 1355 (citations omitted).]
Implicit in the Court's decision is that, even where a defendant is charged with crimes of the first or second degree (or both), the prosecutor is charged with the responsibility to "weigh[ ] the relevant and material factors [in reaching] a conclusion that [a] defendant [is] not an appropriate candidate for PTI." Ibid. Wallace directs that upon review of a prosecutor's decision the reviewing court must "focus[ ] on whether [the prosecutor's decision] amounted to an `arbitrary, irrational or otherwise an abuse of discretion' for the prosecutor to have assigned as much weight to the gravity of the offense as she apparently did in this case." Ibid.
In Baynes, the Court, in reviewing the procedural history, noted:
On June 23, 1995, a hearing was held before the trial court for reconsideration of the prosecutor's decision. In reversing the prosecutor's decision and referring the matter back to the prosecutor for reconsideration, the court observed that "the prosecutor [had] fail[ed] to consider all the relevant factors" in this case. The decision to refer the matter back to the prosecutor follows our past decisions, finding remand to the prosecutor useful where "`the prosecutorial decision was based upon a consideration of inappropriate factors or not premised upon a consideration of all relevant factors' [or] where the denial resulted from an incorrect evaluation of relevant factors."

[148 N.J. at 440, 690 A.2d 594 (citations omitted) (emphasis added).]
We conceive it should have been clear to the motion judge that the initial decision by the PTI coordinator and the prosecutor, although probably appropriate when made, see R. 3:28, Guideline 3(i), did not consider any other relevant factors. Cf. State v. Kraft, 265 N.J.Super. 106, 625 A.2d 579 (App.Div.1993) ((suggesting the nature of the crime charged itself can be the basis to bar a defendant's application to PTI); see also Cannel, New Jersey Criminal Code Annotated, comment 2 on N.J.S.A. 2C:43-12 1998). The initial decision *274 was premised solely upon the nature of some of the pending charges, crimes in the first and second degree. Defendant's amenability for PTI on the sole third-degree offense charged in the separate indictment was never considered on its own merits.

IV
The motion judge concluded that defendant's motion for reconsideration was timebarred. R. 3:28(h) establishes time constraints as to PTI applications which specifically provides:
Application for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment. The criminal division manager shall complete the evaluation and make a recommendation within twenty-five days of the filing of the application. The prosecutor shall complete a review of the application and inform the court and defendant within fourteen days of the receipt of the criminal division manager's recommendation.
An appeal by the defendant shall be made on motion to the Presiding Judge of the Criminal Division or to the judge to whom the case has been assigned within ten days after the rejection and shall be made returnable at the next status conference or at such time as the judge determines will promote expeditious disposition of the case.
Where application is made pre-indictment, the prosecutor may withhold action on the application until the matter has been presented to the grand jury.
Additionally, R. 3:28(g) provides:
Denial of acceptance [into PTI] pursuant to this rule may be reviewed on appeal from a judgment of conviction notwithstanding that such judgment is entered following a plea of guilty.
It seems abundantly clear that, provided a defendant files a timely application for PTI as required by R. 3:28(h), the denial of his or her application may be reviewed prior to trial, and may also be reviewed on direct appeal following conviction either after trial or the entry of a guilty plea.[4] Neither R. 3:28(g) nor (h) limits a defendant from seeking reconsideration of a decision denying a PTI application. Since defendant's conviction on Indictment Number 94-10-0464-I would not have precluded defendant's appeal from the initial decision denying his application to PTI, we conclude the motion judge erred when he deemed defendant's post-conviction motion for reconsideration as time-barred. This is particularly so where, as here, it is clear that the decision of the PTI coordinator and the prosecutor was predicated solely on the nature of the original charges (first-and second-degree offenses) returned in the initial indictment and did not encompass any consideration of the other seventeen criteria enumerated in N.J.S.A. 2C:43-12(e). See Wallace, supra, 146 N.J. 576, 684 A.2d 1355.
We are particularly mindful that Indictment Number 94-10-0464-I charged defendant with one count of third-degree possession of a controlled dangerous substance, cocaine, N.J.S.A. 2C:35-10a(1). The criminal act occurred when defendant came into possession of the controlled dangerous substance, although its discovery was coincident with an investigation of separate criminal acts involving the victim, J.S., alleged to have occurred on July 23, 1994. Had defendant not been charged under Indictment Number 94-08-0392-I, the third-degree offense charged in Indictment 94-10-0464-I would have been considered within the parameters of all criteria enumerated in N.J.S.A. 2C:43-12(e). Defendant's motion sought a new referral by the Law Division to the prosecutor of defendant's PTI application to allow reconsideration by the prosecutor focusing solely upon Indictment Number 94-10-0464-I. Under the unusual factual circumstances of this case, we conclude that the motion judge's decision based solely upon time constraints, R. 3:28(h), constituted an abuse of discretion as the judge is specifically permitted pursuant to this same rule to consider a defendant's appeal from prosecutor's decision "at such time as the judge determines will *275 promote an expeditious disposition of the case." Ibid.[5]
Reversed and remanded to the Law Division, which is directed to refer defendant's application to PTI to the PTI coordinator for reconsideration ab initio.
NOTES
[1] The record on appeal does not reflect any pretrial proceeding or pre-trial order consolidating the two indictments.
[2] Since a judge in the Law Division never entered an order denying defendant's application for entry into PTI, defendant's motion should have denominated a motion to compel the prosecutor to reconsider defendant's initial application for entry into the PTI program.
[3] In the judge's oral decision he incorrectly cited the ten-day time limitation as R. 3:28-4.
[4] A defendant may not seek leave to appeal pursuant to R. 2:2-4.
[5] Although defendant's brief on appeal asserts that defendant's initial PTI application demonstrated facts that he was particularly amenable to rehabilitation within the criteria delineated within N.J.S.A. 2C:43-12(e), our decision does not address the merits of defendant's contention. Defendant's application has not been provided as an exhibit with defendant's appendix to his brief. Had defendant's application to PTI been included as an exhibit we would not have considered same, as a review of the initial application is specifically entrusted first to the PTI coordinator and thereafter to the prosecutor. Ibid.