848 A.2d 841

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. AMANDA FRANGIONE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 20, 2004—Decided May 18, 2004.

Before Judges STERN, A.A. RODRÍGUEZ and LEFELT.

*Yvonne Smith Segars,* Public Defender, attorney for appellant (*Cecelia Urban,* Assistant Deputy Public Defender, of counsel and on the brief).

*John Kaye,* Monmouth County Prosecutor, attorney for respondent (*Mark P. Stalford,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

After denial of enrollment into the Pretrial Intervention Program ("PTI") due to a count of an indictment alleging possession of a controlled dangerous substance ("CDS") with intent to distribute in the second-degree, *N.J.S.A.* 2C:35–5b(2), defendant entered a negotiated guilty plea. She pled guilty to third-degree possession of CDS, *N.J.S.A.* 2C:35–10a(1), in exchange for dismissal of the second-degree charge and a recommended non-custodial sentence. She then formally applied to PTI and the application was denied. Defendant was thereafter placed on probation for two years.

On this appeal, defendant argues:

POINT I SINCE A DEFENDANT DEEMED INELIGIBLE FOR PTI BEFORE TRIAL MAY SEEK RECONSIDERATION OF THAT DECISION BY THE PTI PROGRAM EVEN POST–CONVICTION, THE TRIAL COURT SHOULD HAVE GRANTED MS. FRANGIONE'S PRE–CONVICTION MO-

TION SEEKING RECONSIDERATION BY THE PTI PROGRAM OF ITS "PRE–SCREENING" DETERMINATION IN HER CASE[1]

We reject the argument and affirm the order of August 23, 2002, denying defendant's "motion to permit PTI application out-of-time." *See State v. Wallace,* 146 *N.J.* 576, 580–81, 588–89, 684 *A.*2d 1355 (1996) (upholding denial of PTI involving a post-rejection plea to a reduced third-degree charge or a "negotiated plea [which] reduces the second-degree offense to a third-degree offense for sentencing purposes").[2] *See also R.* 3:28(h).

We add only the following. *R.* 3:28 and the PTI Guidelines have undergone various revisions between adoption of the Rule in 1970 and today. In the early and mid–1970's, some unsuccessful PTI applications were reconsidered after a plea or verdict depending upon the ultimate offenses before the court. *See R.* 3:28 entitled "Defendant's Employment Program" and then "Defendant's Diversionary Programs" from October 1970 to April 1, 1974. That practice ended with the adoption of the PTI Guidelines after the decision in *State v. Leonardis,* 71 *N.J.* 85, 363 *A.*2d 321 (1976); *see also State v. Leonardis,* 73 *N.J.* 360, 375 *A.*2d 607 (1977); *Guideline* 6 to *R.* 3:28 with respect to the timing of PTI applications, and ultimately by adoption of the Code of Criminal Justice. *See N.J.S.A.* 2C:43–12e requiring applications for PTI to be made "prior to trial."

*State v. Halm,* 319 *N.J.Super.* 569, 726 *A.*2d 269 (App.Div.), *certif. denied,* 162 *N.J.* 131, 741 *A.*2d 98 (1999), on which defendant relies, is distinguishable from the case at hand. *Halm* permitted reconsideration of a PTI denial for a third-degree crime on which defendant was convicted after presumptively ineligible first and second-degree charges (*see Guideline* 3(i)) embodied in a separate

---

[1] A challenge to the PTI denial is preserved, notwithstanding the guilty plea, pursuant to *R.* 3:28(g), which is premised on the fact a guilty plea normally follows the PTI denial.

[2] Defendant did not contest the denial of the application while the second-degree CDS offense was pending and does not challenge the initial denial before us. *See Guideline* 3(i) to *R.* 3:28.

indictment were disposed of favorably to the defendant. *Id.* at 573–74, 726 A.2d 269. Here, the second-degree crime was charged in the very indictment which included the third-degree count to which defendant pled guilty, thereby resulting in the conviction for which defendant now seeks PTI.

We recognize that non-custodial probation is very similar to aspects of PTI, although here there is a conviction of record. However, consideration of this PTI application would be inconsistent with the application deadlines of the Code, to which the Supreme Court conformed *R.* 3:28, and the PTI Guidelines.

The judgment is affirmed.