SYLLABUS

(This syllabus is not part of the opinion of the Court.  It has been prepared by the Office of the Clerk for the convenience of the reader.  It has been neither reviewed nor approved by the Supreme Court.  Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

**State v. Sean Bell** (A-21-12) (070736)

**Argued September 23, 2013 -- Decided May 13, 2014**

**CUFF, P.J.A.D. (temporarily assigned), writing for a unanimous Court.**

The issue in this appeal is whether a defendant may be admitted to the Pretrial Intervention (PTI) program after he is found guilty by a jury but before he is sentenced.

In January 2007, a grand jury indicted defendant Sean Bell and co-defendant Thomas Schwab with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7), arising out of a June 2006 fight.  Defendant did not apply for admission to PTI based on his attorney's advice that the second-degree charge made him ineligible.  A 2009 superseding indictment charged defendant and co-defendant with the same crimes, after which co-defendant applied for and received admission to PTI. Defendant proceeded to trial.  At the close of the State's case, the trial court dismissed the second-degree aggravated assault charge.  On March 18, 2010, a jury convicted defendant of third-degree attempted aggravated assault.

Prior to sentencing, defendant applied for admission to PTI, which the State denied. Defendant appealed to the Law Division, claiming that he was entitled to PTI because the second-degree offense, which his attorney advised barred him from PTI, had been dismissed.  He also claimed that he was similarly situated to co-defendant, who was admitted to PTI.  In support, defendant cited State v. Halm, 319 N.J. Super. 569 (App. Div.), certif. denied, 162 N.J. 131 (1999), which permitted an application to PTI after the defendant had been found guilty by a jury. The trial court requested that the State reconsider defendant's application, asking for clarification why it accepted co-defendant into PTI but not defendant.  The State again concluded that defendant was not an appropriate candidate for PTI, explaining that it reviews each application individually and adding that, in its view, defendant showed no remorse and the victim did not consent to defendant's admission to the program. In January 2011, the trial court admitted defendant into the PTI program over the prosecutor's objection.  The court found that Rule 3:28, the court rule governing PTI, and Halm permitted PTI after defendant had been found guilty by a jury. The trial court concluded that defendant and co-defendant were similarly situated and the prosecutor's decision to deny defendant PTI entry was a clear error of judgment.

The Appellate Division reversed and remanded.  The panel determined that defendant's PTI application was not timely because N.J.S.A. 2C:43-12(e), the statute governing PTI, requires applications to be made "prior to trial."  The panel also stated that Rule 3:28(h) contemplates that enrollment into PTI shall be resolved before or at the pretrial conference and, in any event, before a plea or verdict.  The panel distinguished Halm because the defendant in that case filed a pretrial PTI application, whereas defendant here never made a timely PTI application and the second-degree crime was charged in the same indictment which included the third-degree count. The panel found that the record amply supported the finding that the defendants were not similarly situated and concluded that the prosecutor did not grossly or patently abuse her discretion. This Court granted certification. 212 N.J. 455 (2012).

**HELD**: PTI is a pretrial diversionary program that is not available to a defendant once the charges have been tried before a judge or a jury and a guilty verdict has been returned.

1. New Jersey counties began implementing PTI programs after a 1967 President's Commission Report recommending the diversion of some offenders in need of treatment from the criminal process to other community resources.  In State v. Leonardis, 71 N.J. 85 (1976), the Court recognized that although PTI programs differed from county to county, they all served the same general purposes of early identification and referral of offenders who are in need of treatment or may benefit from rehabilitative efforts, and quick and inexpensive disposition of cases.  Id. at 92, 96, 121.  The Court emphasized that while the goal of expeditious disposition is important and central to the PTI concept, it is subordinate to the primary goal to rehabilitate the person accused of a criminal offense, which is best

1

accomplished prior to trial.  Id. at 98-99.  The Court directed statewide implementation of PTI programs to be administered in accordance with uniform guidelines.  Id. at 121.  Rule 3:28 established the guidelines for the programs adopted by the counties.  Three years after Leonardis, the Legislature adopted a statute governing PTI, which, among other things, expressly contemplated that PTI applications would be made before trial.  N.J.S.A. 2C:43-12(e). (pp. 12-15)

2.  The Court has reviewed various aspects of the implementation of PTI programs throughout the State and has consistently recognized that PTI is a diversionary program specifically designed to avoid a trial and the stigma accompanying a guilty verdict.  Rule 3:28(h) provides that an "[a]pplication for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment." That rule also requires that review of the application proceed without delay. Guideline 1 to Rule 3:28 reiterates the purpose of avoiding the stigma and consequences of a criminal conviction afforded by enrollment in PTI. Thus, the vision of PTI is to fashion, in appropriate circumstances, an alternative to the full criminal justice mechanism of a trial. It contemplates a pretrial decision by the defendant to seek, and a pretrial decision by the prosecutor to admit, an offender to this diversionary program.  None of the laudatory purposes of pretrial intervention are fostered by proceeding to trial and having a jury render a guilty verdict.  Such a procedure not only thwarts the purpose of PTI because the defendant has been found guilty of a criminal offense, but also nullifies a valid verdict of guilt.  Permitting a court to nullify a guilty verdict through PTI would transform an effective pretrial diversionary program into an alternative sentencing option.  That is not the intent of the PTI program. (pp. 15-17)

3. In this case, the goals of early diversion, early rehabilitation efforts, and avoidance of the stigma of a criminal conviction have been completely frustrated because defendant was admitted to PTI after being convicted by a jury almost four years after the criminal incident.  It is, therefore, manifest that defendant's post-verdict application for and admission to PTI cannot stand.  While Rule 3:28 and the Guidelines have evolved over the years to reflect legislative action and case law, one principle has remained constant:  PTI is a pretrial diversionary program. Admission to PTI following a jury trial and the return of a guilty verdict is the antithesis of the very purpose of the program. The Court's holding is not premised on the fact that defendant did not apply for admission to PTI within twenty-eight days of the indictment or before the pretrial conference.  Instead, the Court's holding is premised on the very nature of PTI as a pretrial diversionary program.  It is not now and never has been a sentencing alternative following a guilty verdict.  To the extent Halm suggests otherwise, the Court does not follow it. (pp. 17-19)

        The judgment of the Appellate Division is **AFFIRMED** and the matter is **REMANDED** to the trial court for imposition of an appropriate sentence.

        **CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, and PATTERSON join in JUDGE CUFF's opinion.  JUDGE RODRÍGUEZ (temporarily assigned) did not participate.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

        v.

SEAN BELL,

    Defendant-Appellant.

> Argued September 23, 2013 – Decided May 13, 2014
>
> On certification to the Superior Court, Appellate Division.
>
> Joshua D. Sanders, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).
>
> Samuel J. Marzarella, Supervising Assistant Prosecutor, argued the cause for respondent (Joseph D. Coronato, Ocean County Prosecutor, attorney; Mr. Marzarella and Nicholas D. Norcia, Assistant Prosecutor, on the brief).
>
> Jane C. Schuster, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (John J. Hoffman, Acting Attorney General, attorney; Jeanne Screen, Deputy Attorney General, of counsel and on the brief).

    JUDGE CUFF (temporarily assigned) delivered the opinion of the Court.

    This appeal addresses whether a defendant may be admitted to the Pretrial Intervention (PTI) program following a jury

1

trial in which he has been found guilty but before sentencing. Here, a grand jury had returned an indictment against defendant Sean Bell and another man charging them with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). The charges arose from a fight that erupted at a high school graduation party. Defendant did not apply for admission to PTI. He proceeded to trial, and applied only after the trial court dismissed the second-degree charge at the close of the State's case and a jury found him guilty of a third-degree charge. The trial court admitted defendant to PTI over the objection of the prosecutor. On appeal, the Appellate Division reversed and remanded the matter to the trial court for sentencing.

We affirm. We hold that PTI is a pretrial diversionary program that is not available to a defendant once the charges have been tried before a judge or a jury and a guilty verdict has been returned. It is of no moment that the jury has found the defendant not guilty of first- or second-degree offenses that may have precluded or rendered admission to PTI highly unlikely prior to trial. Whether pre-indictment or post-indictment, an accused must apply for admission to PTI prior to trial. In this appeal, the verdict of guilty of third-degree attempted aggravated assault stands and the matter is remanded

2

to the trial court for the imposition of an appropriate sentence.

I.

The Shan and Bell families were neighbors. On June 25, 2006, the two families held a joint graduation party for their high school graduates, Nicolette Shan and defendant. At approximately 11:40 p.m. that evening, a fight broke out in front of the Shan house. Scott Shan,[1] Nicolette's father, and Michael Higgins, a guest at the party and a corrections officer, attempted to stop the fight. Defendant thought that Shan and Higgins had directed some of his friends to leave the party and, as a result, confronted Higgins. A heated exchange ensued. Shan physically restrained defendant to defuse the situation. However, when Shan released him, defendant continued yelling at Higgins, who responded by trying to calm defendant by talking to him. While walking with defendant in an attempt to calm him, Higgins tripped on some decorative rocks and fell into a koi pond. As he attempted to climb out of the pond, Higgins tripped on the rocks and fell again. While Higgins was on the ground, defendant, Thomas Schwab, and Matthew Schwab, hit, punched, and kicked him. John Lauria, another adult at the party, pulled defendant away from the attack. Lauria moved Higgins, then

---

[1] Scott Shan is referred to as Shan throughout the opinion.

3

unconscious, into the Shan residence. Higgins sustained injuries to his head, face, and mouth.

An Ocean County Grand Jury indicted defendant and co-defendant Thomas Schwab with third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7), and second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1). Defendant did not apply to PTI based on the advice of his attorney.[2]

In 2009, a superseding indictment charged defendant and Thomas Schwab with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7). Schwab applied for and received admission to PTI with the consent of Higgins and in exchange for his truthful testimony at defendant's trial.

Defendant proceeded to trial on March 9, 2010. At the close of the State's case, the trial court dismissed the second-degree aggravated assault charge. On March 18, 2010, a jury convicted defendant of third-degree attempted aggravated assault.

Prior to sentencing, defendant applied for admission to PTI. Defendant argued that the admission of his co-defendant to PTI, the dismissal of the second-degree offense at the close of

---

[2] Defense counsel asserts that personnel from the prosecutor's office informed him that the second-degree charge barred admission to PTI.

4

the State's case, and the conviction of attempted aggravated assault counseled admission to the diversionary program.

On April 22, 2010, the PTI director rejected defendant's application, citing the following factors to support the rejection:  the nature of the offense, N.J.S.A. 2C:43-12(e)(1); the facts of the case, N.J.S.A. 2C:43-12(e)(2); the need and interest of the victim and society, N.J.S.A. 2C:43-12(e)(7); the crime is assaultive or violent in nature or in possible injurious consequences, N.J.S.A. 2C:43-12(e)(10); the value of supervisory treatment would be outweighed by the public need for prosecution, N.J.S.A. 2C:43-12(e)(14); the harm done to society by abandoning criminal prosecution would outweigh the benefit to society, N.J.S.A. 2C:43-12(e)(17); the nature of the offense, Guideline 3(i);[3] and the untimely application, Rule 3:28(h).  The probation officer stated that the crime was committed deliberately with violence or threat of violence against another person.  Accordingly, he reasoned that pursuant to Guideline 3(i)(3), the application should generally be rejected as PTI is reserved for defendants charged with "victimless" offenses.  He also determined that defendant's application was untimely pursuant to Rule 3:28(h), which requires application "no later than twenty-eight days after indictment."

---

[3] Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler, Current N.J. Court Rules, Guideline 3(i) at 1064 (2010) [hereinafter Guidelines].

5

In a letter dated June 2, 2010, the prosecutor agreed with the probation officer and denied defendant's PTI application. The prosecutor relied on the same factors but also found applicable the victim's unwillingness to forego prosecution, N.J.S.A. 2C:43-12(e)(4), because Higgins opposed PTI entry for defendant. The prosecutor noted the similarity of the procedural posture of defendant's application and State v. Frangione, 369 N.J. Super. 258, 261 (App. Div. 2004), in which the Appellate Division concluded that a defendant was not entitled to PTI after his charge had been reduced as part of a negotiated plea.

Defendant appealed his PTI rejection to the Law Division. Defendant contended that prior defense counsel had advised defendant that he was not eligible for PTI because he was charged with a second-degree offense. He further argued that Higgins withdrew his objection to defendant's entry to PTI before trial. Defendant maintained that had he not been charged with the second-degree offense, he would have been eligible for PTI, as he was situated similarly to co-defendant Schwab who was admitted to PTI. Defendant relied on State v. Halm, 319 N.J. Super. 569 (App. Div.), certif. denied, 162 N.J. 131 (1999), arguing that he should be permitted to make the PTI application, because once the second-degree offense was dismissed, he applied to PTI within the required ten-day period.

On September 29, 2010, the trial court requested that the State reconsider defendant's application, asking the State to clarify why it accepted co-defendant Schwab into PTI but not defendant. The State again denied defendant's application on October 22, 2010, adding that defendant showed no remorse and that the State did not feel the victim consented to defendant's admission to the program. The State reiterated that it reviews each application individually and concluded that defendant was "not an appropriate candidate for PTI."

The trial court admitted defendant into the PTI program over the prosecutor's objection. The court found that Rule 3:28(g) and case law, specifically State v. Halm, permitted an application to PTI after defendant had been found guilty by a jury. The trial court found that defendant and co-defendant Schwab were similarly situated and the prosecutor's decision to deny defendant PTI entry was a clear error of judgment.

## II.

The State appealed to the Appellate Division. The Appellate Division, in an unpublished opinion, reversed and remanded. The panel determined that defendant's PTI application was not timely because N.J.S.A. 2C:43-12(e) requires PTI applications to be made "prior to trial." The panel also noted that Rule 3:28(h) "contemplates that . . . enrollment into PTI shall be resolved before or at the pretrial conference, and, in

7

any event, before a plea or verdict."  The panel distinguished Halm because, in this case, defendant "never made a timely PTI application and the second-degree crime was charged in the very indictment which included the third-degree count for which he was tried."  The panel opined that this case was analogous to Frangione, because in both cases a PTI application was filed after guilt was determined and both defendants were charged with second-degree and third-degree crimes in the same indictment.

The panel also addressed the merits of the PTI application and concluded that the prosecutor did not grossly or patently abuse her discretion.  The panel found that the record amply supported the finding that the two defendants were not similarly situated.  The panel noted several factors in the record, such as the victim's opposition to defendant's entry into PTI, defendant's aggression against the unconscious victim, co-defendant Schwab's remorse, and Schwab's agreement to testify at defendant's trial.

The Appellate Division denied defendant's subsequent motion for reconsideration.  This Court granted certification.  212 N.J. 455 (2012).

### III.

### A.

Defendant contends that the record before the prosecutor permitted his admission to PTI and that the denial of his

8

application, therefore, must be considered a patent and gross abuse of discretion vested in the prosecutor. Defendant emphasizes that the victim withdrew his objection to PTI admission prior to defendant's post-verdict application.

Defendant maintains that a post-verdict PTI application is consistent with the purpose of the program. He asserts the public is always served when justice is evenly applied.

Defendant also urges this Court to resolve the different outcomes in this appeal and State v. Padilla-Bustamante, a 2011 unpublished Appellate Division opinion, which permitted a defendant to apply for PTI admission following his acquittal of second-degree offenses. Defendant argues that both cases are factually similar and require a similar result.[4]

B.

The State argues that defendant's PTI application is time-barred by Rule 3:28(h), because defendant filed the application more than three years after the indictment and following trial. The State emphasizes that the program is designed to permit resolution of the issue of PTI admission before the pretrial conference. It contends that disposition before the pretrial conference complements the speedy trial effort.

---

[4] This unpublished opinion is not binding authority pursuant to Rule 1:36-3.

The State maintains that the trial court decision to entertain defendant's post-trial PTI application was contrary to the legislative intent evinced by the plain language of the PTI program's enabling statute, N.J.S.A. 2C:43-12 to -22. The State argues the program is limited by the statute to applications for pretrial -- rather than post-trial -- intervention. Citing State v. Wallace, 146 N.J. 576 (1996), the State argues that defendant's third-degree offense that remained for resolution by the jury after dismissal of the second-degree offense cannot justify an untimely PTI application. The State contends that admitting defendant to PTI after a guilty verdict at trial fails to accomplish the purposes of PTI -- administrative efficiency and avoidance of the stigma of a criminal conviction.

The State also highlights consequences of post-trial admission to PTI. First, it argues that such a decision nullifies a valid verdict. Second, it contends that post-trial admission to PTI transforms PTI from a pretrial diversionary program to an unauthorized sentencing alternative. The State distinguishes State v. Halm on the ground the defendant in that case filed a pretrial PTI application, unlike defendant here. The State also distinguishes State v. Padilla-Bustamante, arguing that the appellate panel ordered a new trial on other grounds and merely allowed the defendant to submit a PTI application while expressing no view as to the merits of

10

that application.  Addressing the merits of defendant's PTI application, the State contends the record fully supports the decision of the prosecutor to deny admission to this diversionary program.

## C.

The Attorney General, as amicus curiae, contends that defendant's application is time-barred and that permitting defendant into the program after trial would "subvert the purposes and goals underlying PTI."  The Attorney General emphasizes that PTI is not an after-verdict sentencing option but is designed as an alternative to the traditional prosecution course for a criminal defendant.  The Attorney General insists PTI is a pretrial alternative, viewed as part of the prosecutor's charging function.  The Attorney General urges that the Appellate Division judgment be affirmed to "send a clear message to the lower courts that PTI is a program reserved for pre-trial consideration."

The Attorney General also maintains that State v. Halm is not applicable because the defendant there submitted a timely PTI application.  The Attorney General argues that State v. Frangione governs this case.  Finally, the Attorney General warns against a misinterpretation of State v. Padilla-Bustamante and State v. Halm, due to concerns that defendants presumptively

11

ineligible due to charges of first- and second-degree crimes would apply to PTI in order to preserve their right for reconsideration if the first- and second-degree crimes were dismissed at trial or by a guilty plea.

IV.

The initial impetus for introduction of a pretrial diversion program came from a 1967 report titled President's Commission on Law Enforcement and Administration of Justice: The Challenge of Crime in a Free Society (1967) (President's Commission Report).  In its searching inquiry of crime in the United States, it focused on various elements of the criminal justice system, including the courts.  Observing that the criminal courts are inherently reactive rather than proactive, the report noted that the ability of the criminal judicial process to address or prevent future criminal acts is limited to how courts handle the offenders before it.  Id. at 125.  Turning its attention to the pretrial stages of the criminal case, the President's Commission Report noted that "early diversion of some cases from the criminal process" should be considered a "wholly desirable objective[]."  Id. at 130. Recognizing that prosecutors often confront persons who have committed a criminal offense for whom the criminal sanction is excessive but who also need some kind of treatment or supervision, the President's Commission Report recommended the "[e]arly identification and

12

diversion to other community resources of those offenders in need of treatment, for whom full criminal disposition does not appear required." Id. at 134.

The success of the first pilot pretrial diversion programs spawned a second round of pilot programs. Success was defined in terms of reduced recidivism and development of employable skills. State v. Leonardis, 71 N.J. 85, 94 (1976). One of the second-round pilot projects was established in Newark. Ibid. n.4. Rule 3:28 was adopted by the Court to authorize and govern the Newark project. Id. at 103.

In 1976, this Court recognized that the implementation of PTI programs differed from county to county. Id. at 92. In fact, some counties had not instituted such programs. Id. at 121. This Court noted that the scope of existing programs and the procedure of pretrial diversion programs may have differed, but all served the same general purposes of early identification and referral of offenders who are in need of treatment or may benefit from rehabilitative efforts and quick and inexpensive disposition of cases. Id. at 96. This Court emphasized, however, that "[w]hile the goal of expeditious disposition is certainly important and central to the PTI concept, it is at the same time subordinate to the rehabilitative function of PTI." Id. at 98.

13

The Court also recognized that the primary goal of diversion, rehabilitation of a person accused of a criminal offense, is best accomplished prior to trial. Justice Pashman stated:

> [T]he significance of rehabilitation is also apparent in the procedural operation of the PTI program. Because admission to and participation in a PTI program precedes trial and often precedes entry of formal charges, a defendant who successfully completes the program avoids adjudication of his guilt. Furthermore, few, if any, PTI programs require entry of a guilty plea as a prerequisite to admission in a program. Due to this procedural aspect of pretrial intervention, the often counterproductive stigma of conviction, which accompanies parole and probation, does not attach to participants in a PTI program.
>
> [Id. at 99 (internal citations omitted).]

See also President's Commission Report, supra, at 130 (observing that diversion programs operating as sentencing alternatives nullify purpose of avoiding stigma of conviction).

In Leonardis, supra, the Court identified several deficiencies in two of the operating programs. 71 N.J. at 120-22. Noting that PTI programs had not been adopted in every county, this Court directed statewide implementation of the PTI program. Id. at 121. The Court also mandated that each PTI program must be administered in accordance with uniform guidelines. Ibid. Pending amendment of the rule and adoption of guidelines, each program was required to incorporate four

14

guidelines, including recognition that any defendant accused of any crime was eligible for admission to a PTI program. Id. at 121-22. Rule 3:28, as originally adopted and as it has evolved over the years, has established the guidelines for the various programs adopted by the various counties.

Three years after this Court called for statewide implementation of PTI, Leonardis, supra, 71 N.J. at 121, the Legislature adopted a statute governing PTI. Codified as N.J.S.A. 2C:43-12 to -22, the statute prescribed the terms and procedures for admission to a PTI program. In doing so, the Legislature declared that it was the public policy of the State to provide uniform opportunities to avoid prosecution for a criminal offense when early rehabilitation services or supervision may deter future criminal behavior, N.J.S.A. 2C:43-12(a)(1), or when an applicant might be harmed by imposition of criminal sanctions, N.J.S.A. 2C:43-12(a)(2). The statute expressly contemplated application by an accused to a PTI program or referral by a judge to the program before trial. N.J.S.A. 2C:43-12(e).

This Court has reviewed various aspects of the implementation of PTI programs throughout the State. In each case, we have recognized that PTI is a diversionary program specifically designed to avoid a trial and the stigma accompanying a verdict of guilt to any criminal offense. In

15

State v. Nwobu, 139 N.J. 236, 240 (1995), the Court stated, "[PTI] is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." In State v. Brooks, 175 N.J. 215, 223 (2002), the Court stated the aim of PTI "is to provide prosecutors an alternate method to dispose of charges levied against qualified applicants consistent with the interest of the applicant and the overall interests of society and the criminal justice system."

Rule 3:28 reflects the stated purpose of PTI. Rule 3:28(h) provides that "[a]pplication for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment." Furthermore, review of the application must proceed without delay. Ibid. The criminal division manager is required to evaluate and make a recommendation within twenty-five days of submission of the application; the prosecutor shall complete a review of the application and inform the trial court and the defendant within fourteen days of receipt of the criminal division manager's recommendation. Ibid. Furthermore, once a defendant is admitted to a PTI program, any information disclosed by a participant about the charge or charges against the participant to a person providing supervisory services is confidential. R. 3:28(c)(5); see also R. 1:38-3(c)(5)

16

(excluding from public access court records relating to participants in PTI programs but not fact of enrollment or conditions imposed by court).  Guideline 1 to Rule 3:28 reiterates the purpose of avoiding the stigma and consequences of a criminal conviction afforded by enrollment in PTI.

In sum, the vision of PTI is to fashion, in appropriate circumstances, an alternative to the full criminal justice mechanism of a trial.  It contemplates a pretrial decision by the defendant to seek, and a pretrial decision by the prosecutor to admit, an offender to this diversionary program.  None of the laudatory purposes of pretrial intervention are fostered by proceeding to trial and having a jury render a guilty verdict.  Such a procedure not only thwarts the purpose of this particular diversionary program because the defendant has been found guilty of a criminal offense but also nullifies a valid verdict of guilt.  We know of no authority that permits a court to nullify a valid verdict through the device of a belated application to a diversionary program.  Moreover, permitting a defendant found guilty of a criminal offense to seek admission to PTI transforms an effective pretrial diversionary program into an alternative sentencing option.  Such action stands the PTI program on its head.

This appeal illustrates how defendant's admission to PTI diverges from the goals and purposes of the program.  The events

17

giving rise to the indictment occurred in 2006; a grand jury indicted defendant in January 2007. Trial commenced more than three years later. On March 18, 2010, a jury found defendant guilty of a third-degree offense. Then, almost four years from the date of the incident that precipitated the criminal charges, defendant applied for admission to PTI, and was admitted to PTI over the objection of the prosecutor by the trial court in January 2011. The facts of this case illustrate that the goals of early diversion, early rehabilitation efforts, and avoidance of the stigma of conviction of a criminal offense have been completely frustrated by defendant's post-verdict admission to PTI. It is, therefore, manifest that defendant's post-verdict application for and admission to PTI cannot stand.

V.

Since authorizing the first pilot PTI program in Newark in 1970, principles and guidelines have evolved to assure not only state-wide implementation of PTI but also uniform access to this laudatory program. While Rule 3:28 and the Guidelines have evolved over the years to reflect legislative action and case law, one principle has remained constant: PTI is a pretrial diversionary program. Admission to PTI following a jury trial and the return of a guilty verdict is the antithesis of the very purpose of the program.

18

Therefore, we affirm the judgment of the Appellate Division reversing the order admitting defendant to PTI.  Our holding that the application for and admission to PTI is out-of-time is not premised on the fact that defendant did not apply for admission to PTI within twenty-eight days of the return of the original indictment in 2007 or the superseding indictment in 2009 or that his application was not submitted and resolved before the pretrial conference.  See State v. Moraes-Pena, 386 N.J. Super. 569, 578 (App. Div.) (emphasizing enrollment in PTI must precede guilty plea or verdict), certif. denied, 188 N.J. 492 (2006).  Instead, our holding is premised on the very nature of PTI as a pretrial diversionary program.  It is not now and never has been a sentencing alternative following a guilty verdict.[5]

## VI.

The judgment of the Appellate Division is affirmed and the matter is remanded to the trial court for imposition of an appropriate sentence.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, and PATTERSON join in JUDGE CUFF's opinion.  JUDGE RODRÍGUEZ (temporarily assigned) did not participate.

---

[5] To the extent State v. Halm, supra, suggests otherwise, we do not follow it.

19

SUPREME COURT OF NEW JERSEY

NO.    A-21                        SEPTEMBER TERM 2012

ON CERTIFICATION TO        Appellate Division, Superior Court


STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                v.

SEAN BELL,

        Defendant-Appellant.


DECIDED        May 13, 2014
                Chief Justice Rabner                PRESIDING
OPINION BY        Judge Cuff
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | AFFIRM/REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUDGE RODRÍGUEZ (t/a) | ----------------------- | ------------------- |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 5 | |

1