# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0896-17T2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JOSEPH P. BLANC,

    Defendant-Respondent.

_____

Argued January 23, 2019 – Decided February 6, 2019

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-08-1399.

Patrick F. Galdieri, II, Assistant Prosecutor, argued the cause for appellant (Andrew C. Carey, Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

Barbara E. Ungar argued the cause for respondent.

PER CURIAM

The Middlesex County Prosecutor (prosecutor) appeals the order granting defendant Joseph P. Blanc's admission into the Middlesex County Pretrial Intervention (PTI) Program over the prosecutor's objection. We reverse the order and remand defendant's PTI application to the prosecutor for further consideration.

I.

In August 2014, the police found two latent fingerprints on a bedroom window of an apartment that had been burglarized. These identified defendant as a participant in the burglary.

Defendant was indicted for third-degree conspiracy to commit burglary, theft and receiving stolen property, N.J.S.A. 2C:5-2, 2C:18-2(a)(1), 2C:20-3(a), 2C:20-7(a); third-degree burglary, N.J.S.A. 2C:18-2(a)(1); and third-degree theft, N.J.S.A. 2C:20-3(a). The burglary and theft counts related solely to the August 2014 burglary.

Defendant's cousin, Anthony D. Armstrong, charged in the same indictment with conspiracy to commit burglary, theft and receiving stolen property, additionally was indicted with thirteen counts of third-degree burglary, N.J.S.A. 2C:18-2(a)(1); twelve counts of third-degree theft, N.J.S.A. 2C:20-

3(a); two counts of third-degree receiving stolen property, N.J.S.A. 2C:20-7; and a count of third-degree attempted burglary, N.J.S.A. 2C:5-1, 2C:18-2(a)(1). Armstrong pleaded guilty to various counts including conspiracy. At his plea hearing, Armstrong answered questions about the conspiracy count.

> [Prosecutor]: Just one follow up question. And . . . you had agreed with these individuals to break into these residences between the dates of August 14th of 2014 and February 2nd of 2016; correct?
>
> [Armstrong]: Yes.
>
> [Prosecutor]: And those were in various . . . counties, including Middlesex and Union County?
>
> [Armstrong]: Yes.
>
> [Prosecutor]: And one of those co-conspirators was Joseph Blanc?
>
> [Armstrong]: Yes.

A few months later, defendant applied for PTI, but the Criminal Division Manager recommended against it. The prosecutor thereafter rejected defendant's application based on a review of the criteria in N.J.S.A. 2C:43-12(e). With respect to factors one and two,[1] nature of the offense and facts of the case, the prosecutor's rejection letter alleged that the charges against defendant were

---

[1] N.J.S.A. 2C:43-12(e)(1) and (2).

A-0896-17T2

based on a multi-jurisdictional burglary and theft investigation involving residential burglaries at garden-style apartments located in three counties and seven towns, all involving the same modus operandi. The prosecutor alleged this was a "complex and protracted burglary spree" with multiple co-conspirators, many victims and significant financial losses. The prosecutor's letter explained that Armstrong was identified as a suspect in the burglaries and defendant was linked to Armstrong though Armstrong's social media accounts. Two of defendant's fingerprints were found at one of the burglarized apartments. That burglary involved $4680.57 in stolen items.

The prosecutor took into consideration that defendant was twenty-nine, not gainfully employed, had no mental or physical issues, smoked marijuana daily and had not shown sufficient effort to "effect any behavior change." N.J.S.A. 2C:43-12(e)(3). The robbery victim did not take a position on defendant's PTI request, but the prosecutor expressed "a strong societal need to deter" this type of crime. N.J.S.A. 2C:43-12(e)(4). Defendant did not appear to have personal problems or character traits for which services were unavailable. N.J.S.A. 2C:43-12(e) (5) and (6).

The prosecutor considered defendant's minimal involvement with law enforcement. He had no criminal convictions, two municipal court convictions

A-0896-17T2

for theft (2006) and shoplifting (2009) and two active warrants from municipal court. He was arrested in New York for robbery in 2012 but the disposition of that charge was unknown. N.J.S.A. 2C:43-12(e) (8) and (9). Defendant's charges did not involve an assault and were not violent in nature; defendant had no history of violence toward others or involvement with organized crime. N.J.S.A. 2C:43-12(e) (10), (12), and (13). However, the prosecutor argued that residential burglary was a serious offense that merited prosecution rather than diversion to PTI. Defendant was charged with engaging in a conspiracy that "spanned a couple of years and included multiple jurisdictions and residences," N.J.S.A. 2C:43-12(e) (14) and (17). PTI admission would "minimize the seriousness of his conduct" and was contrary to "the strong need to protect the public from this type of activity and deter this conduct."

Defendant appealed to the Law Division, alleging the prosecutor's rejection of his PTI application was a patent and gross abuse of discretion. Defendant was charged with only one burglary and one count of conspiracy. He argued he only had municipal court convictions. Defendant asserted he should not be excluded from PTI because of these or the pending robbery charge from New York. Armstrong took responsibility for the other robberies when he pled guilty; he did not specifically relate defendant to any of them. Defendant argued

he would benefit from a short term supervisory program such as PTI, particularly given his age and the program could be extended if appropriate. Otherwise, if convicted, his career choices would be restricted, hindering employment. Defendant argued he was denied PTI based on the charges against Armstrong and not based on his individual charges.

The Law Division judge granted defendant's PTI application over the prosecutor's objection, finding rejection of defendant's PTI application was "unsustainable." The prosecutor had a "skewed view of the evidence" that "distort[ed] the true nature of the case against [defendant]" and tended to make him appear more "villainous and nefarious" to negatively assess his PTI application. The prosecutor had not given "due and proper consideration and weight" to the factors, thereby denying defendant an individualized assessment.

The judge found by clear and convincing evidence that the prosecutor "gross[ly] and patently abused its discretion" and made a clear error in judgment. The prosecutor erred by "characterizing defendant as a serial burglar." Defendant was only indicted for one burglary; Armstrong "[was] solely responsible" for the others. Armstrong's plea colloquy supported this, referring to defendant simply as a "co-conspirator." The court found there was no individualized assessment of defendant because of the prosecutor's "skewed"

6

characterization of defendant's role. This prevented a proper evaluation of his rehabilitative opportunity, repentance and motivation. A conviction could "seriously impact his future." The prosecutor failed to consider that defendant's daily use of marijuana could explain his "present circumstances, and how the statute itself recognizes the correlation between the two." There was little risk of recidivism and no significant harm to be protected from. The prosecutor's assessment of the factors was "misplaced, unwarranted, and unsupported by the evidence in the case." The court conditioned defendant's PTI on completing a drug and alcohol evaluation, paying penalties and assessments, full restitution to the victim and maintaining employment. PTI was for three years. The court stayed its order pending appeal.

On appeal, the prosecutor contends that the PTI court erred by finding the prosecutor's denial of defendant's PTI application was based on a patent and gross abuse of discretion and by ordering defendant's admission into the PTI program. It argues the trial court improperly substituted its judgment for the prosecutor.

## II.

Prosecutors have "wide latitude in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." State v. Negran,

A-0896-17T2

178 N.J. 73, 82 (2003) (citing State v. Nwobu, 139 N.J. 236, 249 (1995)). The scope of review of a PTI rejection is "severely limited." Ibid. (citing Nwobu, 139 N.J. at 249). We apply the same deferential standard as the PTI court and review its decision de novo. State v. Nicholson, 451 N.J. Super. 534, 553 (App. Div. 2017) (citing State v. Waters, 439 N.J. Super. 215, 225 (App. Div. 2015)).

"In order to overturn a prosecutor's rejection, a defendant must 'clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion.'" State v. Watkins, 193 N.J. 507, 520 (2008) (quoting State v. Watkins, 390 N.J. Super. 302, 305-06 (App. Div. 2007)). An abuse of discretion is manifested where it can be shown that the PTI denial "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.]" State v. Bender, 80 N.J. 84, 93 (1979). An abuse of discretion rises to the level of "patent and gross" when "the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Bender, 80 N.J. at 93.

This standard applies because the decision to permit a defendant to divert to PTI "is a quintessentially prosecutorial function." State v. Wallace, 146 N.J. 576, 582 (1996) (citing State v. Dalglish, 86 N.J. 503, 513 (1981)). Prosecutors

A-0896-17T2

are given "broad discretion" in determining whether to divert a defendant into PTI. State v. K.S., 220 N.J. 190, 199 (2015) (citing Wallace, 146 N.J. at 582). Prosecutors consider a non-exhaustive list of seventeen statutory factors, see N.J.S.A. 2C:43-12(e), in order to "make an individualized assessment of the defendant considering his or her 'amenability to correction' and potential 'responsiveness to rehabilitation.'" State v. Roseman, 221 N.J. 611, 621-22 (citing Watkins, 193 N.J. at 520).

"Eligibility for PTI is broad enough to include all defendants who demonstrate sufficient effort to effect necessary behavioral change and show that future criminal behavior will not occur." Id. at 622. "[It] is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" Id. at 621 (quoting Nwobu, 139 N.J. at 240). Its goal is to allow, in appropriate situations, defendants to avoid the potential stigma of a guilty conviction and the State to avoid "the full criminal justice mechanism of a trial." State v. Bell, 217 N.J. 336, 348 (2014).

In reviewing the prosecutor's rejection of a PTI application, there are instances where a remand is appropriate. "When a reviewing court determines that the 'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of

A-0896-17T2

discretion, but not a patent and gross abuse' of discretion, the reviewing court may remand to the prosecutor for further consideration." K.S., 220 N.J. at 200 (quoting Dalglish, 86 N.J. at 509).  The Court said that "[r]emand is the proper remedy when, for example, the prosecutor considers inappropriate factors, or fails to consider relevant factors." Ibid.  This is done to allow the prosecutor to "apply the standards set forth by the court" but "'without supplanting the prosecutor's primacy in determining whether [PTI] is appropriate in individual cases.'" Ibid.  (quoting Dalglish, 86 N.J. at 514).

We agree with the PTI court that the prosecutor's rejection of defendant's PTI application constituted a misapplication of discretion.  Defendant was indicted for conspiracy to commit burglary.  That conspiracy was alleged to span a nearly two-year timeframe with other alleged burglaries, but Armstrong did not relate any specifics about defendant's involvement with those crimes when he pled guilty.  The prosecutor's letter stated that defendant participated in a "complex and protracted burglary spree" with "several victims."  It referenced the crime "spree" in analyzing factors one, two, fourteen, and seventeen.  It is clear the letter was referencing all the burglaries for which Armstrong was indicted.  The prosecutor misapplied her discretion because there was nothing linking defendant to those other burglaries.

A-0896-17T2

An additional error involved factor nine. In considering that factor, regarding the defendant's record of criminal and penal violations, the prosecutor considered defendant's municipal court convictions. Under <u>Negran</u>, 178 N.J. at 83, "petty offenses" cannot be considered in assessing a defendant's past criminal and penal violations.

We part company with the PTI court's order that this misapplication of discretion by the prosecutor constituted a "patent and gross" abuse; the prosecutor's error did not clearly undermine the goals of PTI. These goals are multi-fold involving "opportunities to avoid ordinary prosecution by receiving early rehabilitative services;" "an alternative to prosecution" for those that might be harmed where an alternative can "deter criminal conduct;" "a mechanism for permitting the least burdensome form of prosecution" for "victimless offenses;" "assistance to criminal calendars . . . to focus" on "serious criminality and severe correctional problems;" and "deterrence of future criminal or disorderly behavior." N.J.S.A. 2C:43-12(a) (1) to (5).

Defendant's application was analyzed consistent with these goals to determine if he was appropriate for diversion and whether this would deter any further criminal behavior. For much of the analysis, the prosecutor appropriately analyzed the relevant factors. However, threading through the

11

analysis was consideration of burglaries charged against Armstrong that were not linked to defendant, and "resulted in a decision that although not clearly subversive to the underlying goals of PTI, might not otherwise have been reached." Wallace, 146 N.J. at 583. We conclude there was a misapplication of discretion by the prosecutor but that it was not clearly patent and gross. The PTI court should have remanded the case to the prosecutor for an appropriate consideration of the PTI factors. The prosecutor must consider defendant's PTI application consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0896-17T2