**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1147-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHANAH L. CAMPER,

    Defendant-Appellant.

_____

        Submitted October 28, 2019 – Decided November 12, 2019

        Before Judges Sabatino and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 17-11-1843.

        Joseph E. Krakora, Public Defender, attorney for appellant (Alison S. Perrone, First Assistant Deputy Public Defender, of counsel and on the brief).

        Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rashanah L. Camper appeals the trial court's April 11, 2018 denial of her application for pretrial intervention ("PTI"), which had been opposed by the Ocean County prosecutor.

Following a motor vehicle stop in Ocean County, defendant was found in possession of numerous controlled dangerous substances. She was thereafter charged in Ocean County Indictment No. 17-11-1843 with eight counts of various drug offenses. While these charges were pending, she was arrested and charged in Atlantic County and Burlington County on other unrelated charges.

Defendant applied for PTI in Ocean County. The program director rejected her application. Defendant sought the trial court's review of the rejection. The prosecutor's office opposed her request. The court upheld the PTI denial. Defendant thereafter entered into a conditional guilty plea to count one of the indictment charging her with third-degree simple possession of CDS. She was sentenced to probation and preserved her right to bring the present appeal.

During oral argument on the PTI motion, the prosecutor highlighted to the court the pending charges against defendant in Atlantic and Burlington Counties as negative factors weighing against her admission to PTI in the Ocean County case. The prosecutor acknowledged that, based on the information she had, the

Burlington County charges were "likely to be dismissed." However, the prosecutor stressed that the Atlantic County charges, which entailed two cases, were "likely to go forward," and that they included a serious charge of second-degree aggravated assault.

As set forth in N.J.S.A. 2C:43-12 to -22, and as implemented in our criminal courts under Rule 3:28, admission into PTI requires a positive recommendation from the program director and also the consent of the prosecutor. State v. Nwobu, 139 N.J. 236, 246 (1995). The prosecutor's assessment is to be guided by seventeen factors enumerated in the PTI statute. N.J.S.A. 2C:43-12(e)(1)-(17). For suitable defendants who are selected for admission, "PTI is a diversionary program specifically designed to avoid a trial and the stigma accompanying a verdict of guilty to any criminal offense." State v. Bell, 217 N.J. 336, 347 (2014).

Here, in the trial court's oral decision addressing the PTI factors, the court found pertinent the pending charges against defendant in Atlantic and Burlington Counties. The court noted those charges arose while defendant was on monitoring in the present case. The court's reference to the pending charges was not merely incidental. Taking those new arrests into account, and coupling

them with defendant's prior history, the court concluded the State's denial of PTI was justified.

As a general matter, courts allow prosecutors wide latitude "in deciding whom to divert into the PTI program and whom to prosecute through a traditional trial." State v. Negran, 178 N.J. 73, 82 (2003). The scope of judicial review of a prosecutor's objection to a defendant's admission into PTI is severely limited. Ibid.; see also Nwobu, 139 N.J. at 246; State v. Hermann, 80 N.J. 122, 128 (1979). A defendant has a "clear and convincing" burden to show a "patent and gross abuse" of a prosecutor's discretion in denying PTI. State v. K.S., 220 N.J. 190, 199-200 (2015).

Despite these general principles of deference, an important caveat from the Supreme Court's opinion in K.S. applies to the present appeal. The Court instructed that, in the absence of "undisputed facts of record or facts found at a hearing," other charges against a PTI applicant that have been dismissed "may not be considered for any purpose." Id. at 199. The Court reasoned that the policy of "deterrence is directed at persons who have committed wrongful acts[,]" and the "sole fact" of an unproven and dismissed charge should not enter into the PTI calculus. Ibid.

4

The logic of K.S. extends to the present case. Although defendant's charges in Burlington and Atlantic County had not been dismissed as of the time she applied for PTI in Ocean County, they also were not yet proven. In fact, as the prosecutor noted, it was expected the Burlington charges were going to be dismissed. Defendant is entitled to the presumption of innocence concerning those unrelated charges, absent independent proof the offenses were committed. There was no such independent proof tendered to the trial court here.

We accordingly vacate the trial court's denial of defendant's PTI appeal, and remand the matter for reconsideration. At that proceeding, the court should ignore the charges in Atlantic and Burlington Counties unless they have resulted in a guilty plea or conviction.

We intimate no views on the outcome of the case, and whether the other relevant factors nevertheless support the PTI denial. Defendant may withdraw her conditional guilty plea in this Ocean County case if, on remand, her PTI application is granted.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1147-18T2