**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1398-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CANDIDO ORTIZ,

    Defendant-Appellant.

_____

Submitted March 22, 2017 — Decided May 26, 2017

Before Judges Alvarez and Lisa.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 15-02-0059.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Michael H. Robertson, Acting Somerset County Prosecutor, attorney for respondent (James L. McConnell, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Candido Ortiz was sentenced on September 25, 2015, in accord with his plea agreement, to three years probation with

appropriate fines, penalties, and conditions on two counts of third-degree theft, N.J.S.A. 2C:20-3. He now appeals from the denial of his application for admission into the Pretrial Intervention Program (PTI).[1] We affirm.

The theft charges arose from defendant's shoplifting, partially captured on video, of $664.90 worth of merchandise from Lord & Taylor and $529.44 from Macy's. Defendant also shoplifted from Bath & Body Works and American Eagle as part of the same episode on the same day, however, those retailers only filed disorderly persons complaints for shoplifting, N.J.S.A. 2C:20-11(b)(2). Those two complaints were dismissed the day defendant was sentenced. When arrested, defendant admitted having the stolen items in his possession.

The PTI Director rejected defendant's application based on Guideline 3, Rule 3:28, referring to N.J.S.A. 2C:43-12(e)(8), in that defendant's behavior "constitutes part of a continuing pattern of anti-social behavior," and N.J.S.A. 2C:43-12(e)(9), defendant's "record of criminal and penal violations and the extent to which he may present a substantial danger to others." The letter also stated:

---

[1] Neither the written agreement nor the plea allocution preserved defendant's right to appeal the denial of his entry into PTI. See R. 3:9-3(f). We assume from the State's lack of objection that it has nonetheless consented.

The defendant is presently charged with two counts of 3rd degree Theft By Unlawful Taking and two Disorderly Persons charges of Shoplifting. The defendant has Municipal Court convictions from 2010 for Doing Lewd/ Offensive Act and Conduct Manifesting CDS Transactions. He has a 2014 Municipal Court conviction for Possession of Drug Paraphernalia for which he was sentenced to a 1 year term of probation on 09/09/2014. He violated probation on 3/26/2015 and his probation was continued. He has a 2014 Municipal Court conviction for Operating a Taxi W/O a License. He has 2015 Municipal Court convictions for Take Merchandise From Store W/O Intent to Pay and Taxi Cabs Sol[ici]tation and Acceptance of Passenger. He has pending[]charges of Conceal Merchandise From Store W/O Intent to Pay from Bridgewater Township that were transferred to Superior Court on 12/04/2014. The defendant has been unable to remain arrest free even while on probation. Based on the foregoing information, the Criminal Division does not recomme[n]d admission to the PTI program.

The prosecutor issued an initial letter of denial, and, after reviewing additional materials submitted by defendant regarding his mental health and substance abuse issues, a second denial. When the Law Division judge conducted a hearing on defendant's rejection, the prosecutor offered a third letter, in which each guideline promulgated by our Supreme Court found in Rule 3:28, which incorporates the statutory goals found in N.J.S.A. 2C:43-12(e), was reviewed.

The prosecutor concluded that "traditional prosecution is warranted in [defendant's] case[,]" and that "defendant has not

A-1398-15T3

provided any sufficiently compelling reason to justify his admission to PTI." [Pa23] Judge Bruce Jones agreed.

After reviewing the circumstances surrounding the offenses as well as this fifty-two-year-old defendant's personal history in relation to the Guidelines, Judge Jones rejected defendant's argument that the PTI denial was a patent and gross abuse of discretion. He opined that "[i]n light of the considerable deference" with which a prosecutor's decision is reviewed, the State's reasons were "legally sufficient[.]" The prosecutor's decision did not go "so wide off the mark sought to be accomplished by PTI" that it required judicial intervention. The State considered all the relevant factors in reaching its decision, and application of the guidelines to the circumstances appeared reasonable.

On appeal, defendant essentially reiterates the same arguments, contending that rejection from the program was a product of misapplication of the guidelines, and was arbitrary and capricious. In light of defendant's prior contacts with the system and the nature of the four shopliftings on the day in question, we do not agree.

Unquestionably PTI, a diversionary program, allows defendants the opportunity to avoid the potential stigma of a conviction. State v. Bell, 217 N.J. 336, 347-48 (2014). "Eligibility for PTI

is broad enough to include all defendants who demonstrate sufficient effort to effect necessary behavioral change and show that future criminal behavior will not occur." State v. Roseman, 221 N.J. 611, 622 (2015) (quoting Pressler & Verniero, Current N.J. Court Rules, Guideline 2 on R. 3:28 at 1167 (2015)).

However, determining which defendants should be diverted into the PTI program "is a quintessentially prosecutorial function[.]" State v. Wallace, 146 N.J. 576, 582 (1996) (citing State v. Dalgleesh, 86 N.J. 503, 513 (1981)). A prosecutor enjoys broad discretion in making these decisions. State v. K.S., 220 N.J. 190, 199 (2015). The review process requires consideration of the nonexhaustive list of seventeen statutory factors enumerated in N.J.S.A. 2C:43-12(e) in order to make that necessary individualized assessment. Roseman, supra, 221 N.J. at 621-22.

A prosecutor makes a tailored assessment of a defendant's individualized "'amenability to correction' and potential 'responsiveness to rehabilitation.'" State v. Watkins, 193 N.J. 507, 520 (2008) (quoting N.J.S.A. 2C:43-12(b)). A defendant may challenge the State's rejection from PTI by demonstrating facts or material establishing his or her amenability to the rehabilitation process, along with any efforts to effectuate behavioral changes to avoid future criminal conduct. N.J.S.A.

2C:43-12(d). See also Pressler & Verniero, <u>Current N.J. Court Rules</u>, Guideline 2 on <u>R.</u> 3:28 (2017).

Our review of a PTI rejection is severely limited and designed to address "only the most egregious examples of injustice and unfairness." <u>State v. Negran</u>, 178 <u>N.J.</u> 73, 82 (2003) (citations omitted). A defendant bears a heavy burden on appeal, and must clearly and convincingly establish that the prosecutor's decision is a patent and gross abuse of discretion which has gone so wide of the mark that fundamental fairness and justice require judicial intervention. <u>Watkins</u>, <u>supra</u>, 193 <u>N.J.</u> at 520. An abuse of discretion is found when a defendant can prove "that the [PTI] denial '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error of judgment[.]'" <u>State v. Lee</u>, 437 <u>N.J. Super.</u> 555, 563 (App. Div. 2014) (quoting <u>State v. Bender</u>, 80 <u>N.J.</u> 84, 93 (1979)), <u>certif. denied</u>, 222 <u>N.J.</u> 18 (2015).

In this case, there was no abuse of discretion in the denial of defendant's application. Despite defendant's undisputed current efforts to obtain treatment, his criminal history and ongoing mental health and substance abuse problems present challenges best addressed through probation and not PTI services. His prior contacts with the system, in addition to the criminal

conduct in which he engaged on the day in question, make him an inappropriate candidate. Thus, there were indeed valid reasons for denial premised on consideration of Guideline 3(e).

Moreover, PTI eligibility is ordinarily "limited to persons who have not previously been convicted of any criminal offense." N.J.S.A. 2C:43-12(a). Despite the fact that defendant's prior contacts were all disorderly persons in nature, his arrest history over the last seven years, including while on probation, militate against an exception being made in his case to that general policy. The available PTI resources could not adequately address his circumstances. Thus we conclude, as did Judge Jones, that no patent and gross abuse of discretion occurred in the prosecutor's denial.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1398-15T3