**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3254-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HEATHER QUINTANA,

    Defendant-Appellant.

_____

Submitted June 28, 2016 — Decided June 8, 2017

Before Judges Espinosa and Kennedy.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 13-02-0089.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, on the brief).

Michael H. Robertson, Acting Somerset County Prosecutor, attorney for respondent (James L. McConnell, Special Deputy Attorney General/ Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In this appeal, defendant argues that the rejection of her application for pretrial intervention (PTI) was a patent and gross

abuse of discretion, requiring reversal and a remand for reconsideration and her admission into PTI.  We affirm.

Defendant was first arrested on May 28, 2011, and later charged with fourth-degree criminal trespass, N.J.S.A. 2C:18-3(a), fourth-degree unlawful possession of a prescription drug, N.J.S.A. 2C:35-10.5(e)(2), criminal mischief, N.J.S.A. 2C:17-3(a)(1), and other crimes.  She applied to PTI and was admitted by the court, over objection from the State.

However, on November 30, 2012, prior to admission into PTI for the first arrest, defendant was again arrested.  Defendant had been observed changing price tags on the merchandise at a department store from higher prices to lower prices.  She had then purchased the items at a lower price, only to return them for the full value of the higher price.  Defendant had also attempted to leave the store with unpaid items in her possession.  Subsequent to her arrest, the police seized from defendant several pills that were controlled dangerous substances.

On February 13, 2013, defendant was indicted for third-degree shoplifting, N.J.S.A. 2C:20-11(b)(3), and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1).  On May 9, 2013, defendant again applied for admission into PTI.

On January 9, 2014, defendant went to trial for the events of May 28, 2011.  A jury returned a verdict of not guilty for the

indictable charge of criminal mischief. However, in the bench trial portion on January 13, 2014, defendant was found guilty of the disorderly persons offenses of theft and resisting arrest. The court sentenced defendant to one year of probation and fines.

On March 28, 2014, the criminal division manager rejected defendant for admission into PTI for the charges relating to November 30, 2012, reasoning that defendant's charge was part of a continuing pattern of antisocial behavior and that she had a previous record of violations, and that under Rule 3:28, her entry required the State's approval. Defendant appealed, and the State joined the criminal division manager's rejection, claiming that defendant was still on probation and that she was "not an appropriate candidate."

On July 31, 2014, in a written opinion, Judge Paul W. Armstrong agreed with the State and denied defendant's appeal, finding that the State's reasons were "legally sufficient," and that defendant failed to "clearly and convincingly establish[] 'that the [State's] decision was either a gross and patent abuse of discretion or arbitrary and unreasonable.'" Judge Armstrong issued an order memorializing this decision on August 28, 2014.

On November 7, 2014, defendant pled guilty to the shoplifting charge and to an amended disorderly persons charge for failure to turn over a controlled dangerous substance. On February 13, 2015,

defendant was sentenced to one year probation and fines. This appeal followed.

On appeal, defendant argues that both the State and the trial court erroneously applied Rule 3:28 Guideline 3(e), which states, "[w]hile [PTI] is not limited to 'first offenders,' defendants who have been previously convicted of a criminal offense should ordinarily be excluded." Pressler & Verniero, Current N.J. Court Rules, Guideline 3(e) on R. 3:28 (2017). Defendant argues that she had been acquitted of any and all indictable crimes, and that she had only been adjudicated on disorderly persons offenses. In addition, defendant argues that the State failed to consider all relevant factors of N.J.S.A. 2C:43-12(e). We do not agree.

Our review of a PTI rejection is "severely limited" and we only review for the "most egregious examples of injustice and unfairness." State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). Prosecutors have broad discretion in decisions to admit or reject a defendant. State v. K.S., 220 N.J. 190, 199 (2015); Leonardis, supra, 73 N.J. at 381. We may not substitute our discretion for that of the prosecutor. State v. Waters, 439 N.J. Super. 215, 237 (App. Div. 2015). The afforded deference is "enhanced" or "extra" in nature. Negran, supra, 178 N.J. at 82 (quoting State v. Baynes, 148 N.J. 434, 443-44 (1997)).

In broad strokes, PTI is a diversionary program that allows defendants to avoid "the stigma accompanying a verdict of guilt to any criminal offense." State v. Bell, 217 N.J. 336, 347 (2014). "[E]ligibility for PTI is broad enough to include all defendants who demonstrate sufficient effort to effect necessary behavioral change and show that future criminal behavior will not occur." State v. Roseman, 221 N.J. 611, 622 (2015) (quoting Pressler & Verniero, Current N.J. Court Rules, Guideline 2 on R. 3:28 at 1167 (2015)). However, as noted above, "the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Id. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

A proper PTI determination is guided by the seventeen factors enumerated in N.J.S.A. 2C:43-12(e), and by the Guidelines for Operation of Pretrial Intervention in New Jersey, Pressler & Verniero, Current N.J. Court Rules, Guidelines on R. 3:28 (2017). A prosecutor's decision is an evaluation of a defendant's "amenability to correction" and potential "responsiveness to rehabilitation." N.J.S.A. 2C:43-12(b).

If a defendant chooses to challenge a rejection from PTI, they must "allege and present any facts and materials . . . showing compelling reasons for justifying admission, and establishing that a decision against enrollment would be arbitrary and unreasonable." Pressler & Verniero, supra, Guideline 2 on R. 3:28

at 1234-35. "[A] defendant must 'clearly and convincingly establish that the prosecutor's refusal to sanction admission into [a PTI] program was based on a patent and gross abuse of his discretion.'" State v. Nwobu, 139 N.J. 236, 246 (1995) (emphasis omitted) (quoting State v. Kraft, 265 N.J. Super. 106, 111-12 (App. Div. 1993)). Such a showing is defined as the following:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [State v. Bender, 80 N.J. 84, 93 (1979) (citation omitted); see also Negran, supra, 178 N.J. at 83.]

Here, we affirm the trial court's decision to deny defendant's entry into PTI. We are satisfied, as was Judge Armstrong, that there was no abuse of discretion on the part of either the criminal division manager or the prosecutor. Although defendant had been found not guilty on the indictable offense of criminal mischief, she was still found guilty of disorderly persons conduct for theft and resisting arrest, and sentenced to probation of one year. Her second application for PTI, concerning the events of November 30,

2012, was ultimately denied after she had been placed on probation. Thus, defendant's prior criminal contacts, together with the most recent arrest, establish valid reasons for denial premised on consideration of Guideline 3(e).

Despite the fact that her prior criminal contacts were disorderly persons in nature, and thus arguably outside the general purpose that PTI is "limited to persons who have not previously been convicted of any criminal offense," defendant's two arrests within two years militate against an exception being made to that general policy. N.J.S.A. 2C:43-12(a). That defendant was not yet on probation at the time of her second arrest, nor actively participating in PTI, is of no moment. Lastly, we note that it is clear from the record that the factors of N.J.S.A. 2C:43-12(e) were considered.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3254-14T1