NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0493-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TAYISHA FOSTER,

 Defendant-Appellant.

 Submitted December 21, 2016 – Decided April 5, 2017

 Before Judges Alvarez and Manahan.

 On appeal from the Superior Court of New
 Jersey, Law Division, Gloucester County,
 Indictment No. 14-06-0559.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Amira R. Scurato, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Sean F. Dalton, Gloucester County Public
 Defender, attorney for respondent (Joseph H.
 Enos, Jr., Senior Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 Defendant Tayisha Foster appeals from a decision denying her

admission into the pretrial intervention (PTI) program. She was
sentenced on September 4, 2015, in accordance with a plea agreement

after her guilty plea to a fourth-degree theft by unlawful taking,

N.J.S.A. 2C:20-3(a), to three years of probation with appropriate

fines and penalties. Her plea agreement reserved the right to

appeal her rejection from the PTI program. We affirm.

 The theft charges arose from defendant's shoplifting of nine

bottles of perfume while at the Deptford Mall on January 19, 2014.

The Criminal Division Manager's letter recommending against her

admission into the PTI program stated that defendant was not a

good candidate based on PTI Guideline 3(e) in Rule 3:28, "Prior

Record of Convictions." That guideline states, "[w]hile [PTI] is

not limited to 'first offenders,' defendants who have been

previously convicted of a criminal offense should ordinarily be

excluded."

 In 2010, defendant had received an "accelerated

rehabilitative disposition" (ARD) in Pennsylvania on two counts

of retail theft, one count of receiving stolen property, and one

count of possession of an instrument of a crime. In 2012,

defendant was convicted in the Cherry Hill Municipal Court of

"disturbing the peace." Defendant was placed on probation in 2012

in the Philadelphia County Municipal Court for retail theft.

 Eleven months after this incident, on November 24, 2014,

defendant was charged in Voorhees Township with shoplifting,

 2 A-0493-15T3
N.J.S.A. 2C:20-11(b)(1), and resisting arrest by flight, N.J.S.A.

2C:29-2(a)(2). The charges were downgraded and actually pending

at the time of defendant's PTI application. Defendant eventually

either pled guilty or was found guilty of disorderly persons

shoplifting on those charges.

 Accordingly, the Criminal Division Manager opined that

"defendant's continuing criminal behavior as evidenced by her

prior record and present offense indicate that she is unlikely to

be deterred from criminal behavior through participation in the

Pretrial Intervention Program." The prosecutor agreed that

defendant was an inappropriate candidate because she was not

amenable "to the rehabilitative process of PTI." Defendant

appealed, and the rejection of her application was affirmed on

April 26, 2015.

 In rendering her decision, the Law Division judge observed

that despite the benefit of a diversionary program, defendant had

subsequently been convicted of disorderly persons offenses,

including retail theft and disturbing the peace. That these events

all occurred close in time to each other, and to the charges in

this case, was a factor the court weighed heavily.

 On appeal, defendant contends that rejection constituted a

gross and patent abuse of discretion. She asserts that the

rejection letter's failure to discuss factors weighing towards

 3 A-0493-15T3
admission revealed a fatal flaw in the decision making process.

Specifically, she argues the following factors were omitted from

consideration: the minimal nature of the offense, her young age

of twenty-three, high school diploma, gainful employment, need to

avoid a criminal conviction in order to maintain her current

employment, and that she is not a drug addict. Defendant argues

that her admission into PTI would fulfill the legislative goals

of the program, and that denial is an abuse of discretion because

of the potential benefits to her and to society if she is admitted.

 Unquestionably PTI, a diversionary program, allows defendants

in appropriate situations to avoid the potential stigma of a

conviction. State v. Bell, 217 N.J. 336, 347-48 (2014).

"Eligibility for PTI is broad enough to include all defendants who

demonstrate sufficient effort to effect necessary behavioral

changes and show that future criminal behavior will not occur."

State v. Roseman, 221 N.J. 611, 622 (2015).

 However, determining which defendants should be diverted into

the PTI program "is a quintessentially prosecutorial function[.]"

State v. Wallace, 146 N.J. 576, 582 (1996) (citing Dalglish, 86

N.J. 503, 513 (1981)). A prosecutor enjoys broad discretion in

making these decisions. State v. K.S., 220 N.J. 190, 199 (2015).

The review process requires consideration of the non-exhaustive

list of seventeen statutory factors enumerated in N.J.S.A. 2C:43-

 4 A-0493-15T3
12(e) in order to make the necessary individualized assessment.

Roseman, supra, 221 N.J. at 621-22. The Supreme Court has

promulgated the PTI guidelines found in Rule 3:28 that incorporate

the statutory goals. See N.J.S.A. 2C:43-12(e).

 Our review of a PTI rejection is "severely limited" and

designed to address "only the most egregious examples of injustice

and unfairness." State v. Negran, 178 N.J. 73, 82 (2003)

(citations omitted). A defendant bears a heavy burden on appeal,

and must clearly and convincingly establish that the prosecutor's

decision is a patent and gross abuse of discretion which has gone

so wide of the mark that fundamental fairness and justice require

judicial intervention. Watkins, supra, 193 N.J. at 520. An abuse

of discretion is found when a defendant can prove "that the [PTI]

denial '(a) was not premised upon a consideration of all relevant

factors, (b) was based upon a consideration of irrelevant or

inappropriate factors, or (c) amounted to a clear error of

judgment[.]'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div.

2014) (quoting State v. Bender, 80 N.J. 84, 93 (1979), certif.

denied, 222 N.J. 18 (2015)).

 In this case, there was no abuse of discretion in the denial

of defendant's application. Defendant's criminal history

demonstrates she has been unable to effect the necessary behavioral

changes to become law abiding. That she was charged even after

 5 A-0493-15T3
this arrest clearly makes her an inappropriate candidate. Her

prior criminal contacts, together with those accumulated after

this arrest, establish valid reasons for denial premised on

consideration of Guideline 3(e).

 PTI eligibility is ordinarily "limited to persons who have

not been previously convicted of any criminal offense." N.J.S.A.

2C:43-12(a). Defendant's arrest history weighs against an

exception being made to that general policy. The cluster of

arrests before and after these charges demonstrates that she would

not benefit from the rehabilitative process available through PTI.

Consideration of the positive factors in her life does not refute

that conclusion. No patent and gross abuse of discretion occurred.

 Affirmed.

 6 A-0493-15T3