<div style="border:1px solid black; padding:10px;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1126-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CONRAD P. LEVULIS, JR.,

     Defendant-Appellant.

_____

Submitted December 17, 2019 – Decided January 15, 2020

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-07-0949.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth Cheryl Jarit, Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Conrad P. Levulis, Jr. appeals from an October 3, 2018 order denying his application to compel his admission into the pre-trial intervention (PTI) program over the prosecutor's objection. We affirm because the Law Division correctly determined that the prosecutor's decision was not a patent and gross abuse of discretion.

In 2017, defendant was indicted on one count of third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1). The charge arose out of events that occurred on June 1, 2017. Middletown police responded to a report of a fight at a residence. Defendant was not involved in the fight, but officers observed him entering a room and putting his hands inside a portable closet. After refusing the officers' order to back out of a corner, one of the officers removed defendant. In plain view, the officers observed five wax folds of suspected heroin, and an open prescription bottle partially protruding from a mattress. The bottle had defendant's name on it and contained ten wax folds of suspected heroin. Defendant was arrested.

Thereafter, defendant applied for PTI. The PTI director was against defendant's admission to PTI and the prosecutor also rejected the application. The prosecutor based his rejection of defendant's PTI application on three factors: (1) defendant's lack of motivation to correct his criminal behavior,

N.J.S.A. 2C:43-12(e)(3); (2) a pattern of anti-social behavior and lengthy criminal record, N.J.S.A. 2C:43-12(e)(8); and (3) the need for supervisory treatment, N.J.S.A. 2C:43-12(e)(14).

Defendant appealed to the Law Division, and the trial court denied his application to compel his admission to the PTI program. The judge found that the prosecutor considered all the relevant factors in rejecting defendant's application. Further, the judge concluded that the rejection was not a patent and gross abuse of discretion, and was not arbitrary, capricious, or unreasonable.

Following the rejection of his PTI application, defendant pled guilty to an amended charge of third-degree conspiracy to possess a CDS. Defendant was then sentenced to one year of probation, fines and penalties, and was required to undergo substance abuse testing, counseling, and treatment.

On this appeal, defendant argues:

> THE COURT ERRED BY FAILING TO FIND THAT THE PROSECUTOR'S REJECTION OF MR. LEVULIS'S PTI APPLICATION CONSTITUTES A PATENT AND GROSS ABUSE OF DISCRETION.

We are not persuaded by this argument.

PTI "is a diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Nwobu, 139 N.J. 236, 240 (1995).

3

The goal of PTI is to allow, in appropriate situations, defendants to avoid the potential stigma of a conviction and the State to avoid "the full criminal justice mechanism of a trial."  State v. Bell, 217 N.J. 336, 348 (2014).

PTI is governed by statute and court rule.  See N.J.S.A. 2C:43-12 to -22; R. 3:28; Pressler & Verniero, Current N.J. Court Rules, Guidelines to R. 3:28 (2020).  Deciding whether to permit diversion to PTI "is a quintessentially prosecutorial function."  State v. Wallace, 146 N.J. 576, 582 (1996). "Prosecutorial discretion in this context is critical for two reasons.  First, because it is the fundamental responsibility of the prosecutor to decide whom to prosecute, and second, because it is a primary purpose of PTI to augment, not diminish, a prosecutor's options."  Nwobu, 139 N.J. at 246 (quoting State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993)).  Accordingly, "prosecutors are granted broad discretion to determine if a defendant should be diverted" to PTI instead of being prosecuted.  State v. K.S., 220 N.J. 190, 199 (2015) (citing Wallace, 146 N.J. at 582); see also State v. Negran, 178 N.J. 73, 82 (2003) (stating that courts must "allow prosecutors wide latitude").

"Thus, the scope of review is severely limited."  Negran, 178 N.J. at 82 (citing Nwobu, 139 N.J. at 246).  Reviewing courts must accord the prosecutor "extreme deference."  Nwobu, 139 N.J. at 246 (quoting Kraft, 265 N.J. Super.

4

at 112); State v. Leonardis, 73 N.J. 360, 381 (1977) ("[G]reat deference should be given to the prosecutor's determination not to consent to diversion."). To overturn a prosecutor's rejection, a defendant must "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion." State v. Watkins, 390 N.J. Super. 302, 305 (App. Div. 2007), aff'd, 193 N.J. 507 (2008).

"[I]nterference by reviewing courts is reserved for those cases where needed 'to check [] the "most egregious examples of injustice and unfairness."'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (second alteration in original) (quoting Negran, 178 N.J. at 82). We apply the same standard of review as the Law Division. See State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015).

Defendant argues that the rejection of his PTI application by the prosecutor constituted a patent and gross abuse of discretion for three reasons. First, defendant contends that the prosecutor relied on past infractions dating back more than ten years which bear no relation to his current CDS charge. Defendant's more recent offenses include two disorderly persons offenses and three municipal court violations.

5

In rejecting defendant's PTI application, the prosecutor considered that many of defendant's charges were for minor offenses but gave due weight to the "sheer number of them." The record establishes, however, that defendant had seven separate offenses in Connecticut between 1993 and 1997, and five separate offenses in this state between 2011 and 2017, which are unabated.

Defendant also argues that the prosecutor failed to justify how the value of supervisory treatment would not be outweighed by the public need for prosecution. Such consideration is quintessentially committed to the discretion of the prosecutor in whether or not to allow a particular defendant into the PTI program. Defendant is forty-nine years old, reported using heroin weekly since 2016, and struggles with homelessness. After his arrest for the present offense, he failed to attend three behavioral health appointments within a two-week span of time. Accordingly, defendant has not demonstrated that the prosecutor abused his discretion in rejecting defendant from PTI.

Finally, defendant contends that the prosecutor failed to consider relevant mitigating factors, which included defendant's remote criminal history, possession of a small amount of heroin for personal use in the present offense, lack of violence, and amenability to rehabilitation. Our review of the complete record satisfies us that the prosecutor considered the mitigating factors but found

6

them unpersuasive. Consequently, defendant has not shown that the prosecutor abused his discretion in weighing the mitigating factors.

We are satisfied that the prosecutor appropriately exercised his discretion, and there is nothing in the record that would demonstrate a patent and gross abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION