**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2038-21
A-3312-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STEPHEN G. GROGAN,
a/k/a STEPHAN G. GROGAN,

    Defendant-Appellant.

_____

> Submitted October 25, 2023 – Decided November 22, 2023
>
> Before Judges Enright and Paganelli.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County and Sussex County, Indictment Nos. 18-12-0755, 19-05-0129 and 19-10-0670.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the briefs).
>
> William A. Daniel, Union County Prosecutor, attorney for respondent in A-2038-21 (Meredith L. Balo, Assistant Prosecutor, of counsel and on the brief).

Annmarie Taggart, Acting Sussex County Prosecutor, attorney for respondent in A-3312-21 (Shaina Brenner, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

In these back-to-back appeals, which we consolidated for the issuance of a single opinion, defendant Stephen G. Grogan seeks to vacate two December 10, 2021 judgments of conviction from Union County, and a May 13, 2022 judgment of conviction from Sussex County. The judgments resulted from defendant pleading guilty under three indictments to the fourth-degree offense of invasion of privacy, N.J.S.A. 2C:14-9(b)(2). Defendant also seeks reversal of the May 29, and December 28, 2020 orders denying his appeals from the Union County Prosecutor's Office's (UCPO's) decision to deny him entry into the pre-trial intervention (PTI) program. Additionally, he seeks reversal of the May 11, and August 25, 2020 orders denying his appeal from the Sussex County Prosecutor's Office (SCPO's) rejection of his request to enter PTI or, alternatively, the Veteran's Diversion Program (VDP).[1] We affirm defendant's convictions and all challenged orders.

---

[1] Defendant does not appeal from the denial of his VDP appeal in Union County.

A-2038-21

## I.

We glean the facts from the motion records. Defendant is a combat veteran of the United States Army. He also served in the United States National Guard for approximately twenty years until he was honorably discharged. According to defendant, the psychological trauma he suffered during his active deployment in Iraq from 2004 to 2005 led to the deterioration of his mental health and, ultimately, his criminal convictions.

Defendant's legal difficulties began in June 2018, when he was in Utah for an annual National Guard training and was arrested and charged with voyeurism by electronic equipment (a cell phone), a class A misdemeanor. Following his arrest, he admitted to photographing the undergarments of female shoppers at a local mall.

When defendant returned to New Jersey, he admitted himself into a Veterans Administration inpatient suicide prevention program, where he was diagnosed with severe depression, severe anxiety, suicidal ideation, severe alcoholism, and a paraphilia-voyeuristic disorder. After he was discharged, he enrolled in an outpatient mental health treatment program.

On July 27, 2018, defendant was arrested and charged in Union County with third-degree invasion of privacy, N.J.S.A. 2C:14-9(b)(1), as well as fourth-

degree invasion of privacy. The charges stemmed from him using his cell phone to "film up" a woman's skirt while she was shopping at a local store. Subsequently, defendant engaged in psychotherapy and was diagnosed with post-traumatic stress syndrome.

In October 2018, defendant applied for admission into PTI in Union County. On November 30, 2018, the UCPO rejected his application. The following month, a Union County Grand Jury returned Indictment No. 18-12-00755, charging defendant with one count of fourth-degree invasion of privacy, based on the July 2018 incident.

On November 1, 2018, defendant was arrested and charged with lewdness after using his cell phone to take pictures up the skirt of a female shopper at a supermarket in Montague. A Sussex County Grand Jury returned Indictment No. 19-05-00129, charging him with one count of fourth-degree invasion of privacy due to this incident.

In April 2019, defendant again applied for admission into PTI in Union County; he also sought entry into the County's VDP. The next month, the UCPO rejected both of his applications. Also, in May 2019, defendant applied for admission into PTI and the VDP in Sussex County. The SCPO subsequently rejected his application for both diversionary programs.

While on pretrial release for the Sussex County offense, on July 12, 2019, defendant was arrested again, this time for using his cell phone to film up a woman's skirt while she shopped at a store in Union Township. Accordingly, in October 2019, a Union County Grand Jury returned Indictment No. 19-10-00670, charging defendant with another count of fourth-degree invasion of privacy.

Following the second indictment in Union County, defendant again applied for PTI. On December 6, 2019, the UCPO rejected his application, citing defendant's open cases in Utah and Sussex County, and the fact the SCPO previously denied defendant entry into PTI. The UCPO also explained it found it unlikely defendant would resolve his Sussex County and Utah matters within thirty days of entry into PTI, a standard condition for entry into the program.

On February 24, 2020, defendant appealed from the UCPO's rejection of his PTI applications under both indictments. After hearing argument, Judge Daniel R. Lindemann entered an order on May 29, 2020, denying defendant's appeal. In a thoughtful written opinion accompanying the May 29 order, Judge Lindemann stated defendant's PTI appeal was time barred under Rule 3:28-6,[2]

_____

[2] Rule 3:28-6(a) states, in part: "[a] defendant challenging the decision of . . . a prosecutor's refusing to consent to the defendant's enrollment into the [PTI]

and that "the record [did] not provide sufficient cause to justify [d]efendant's delay to [warrant] relaxation of the Rule." In enforcing the time bar, the judge noted defendant's current counsel made his first appearance in defendant's cases in January 2020, after replacing prior counsel, and did not file defendant's PTI appeal until nineteen days after requesting discovery in February 2020.

Although he found defendant's PTI appeal was time barred, Judge Lindeman nevertheless considered the merits of defendant's PTI appeal. The judge found one of the reasons the UCPO provided for denying defendant's PTI application was that defendant faced similar charges in Sussex County and Utah. Further, the judge determined the UCPO concluded that "a forensic analysis of [d]efendant's phone" revealed "a substantial amount of up-skirt photos and videos of countless unsuspecting victims who may never be identified."

Moreover, the judge acknowledged the UCPO rejected defendant's application, in part, because he went "to great lengths to target victims and hide his crime . . . to make it seem like he was looking at something on a low shelf," and "he made his screen appear blank using an app to better hide his actions."

Judge Lindemann concluded the UCPO "incorrectly rel[ied] on . . . [Rule

---

program, shall file a motion . . . within ten days after receipt of the rejection" by the prosecutor.

A-2038-21

3:28-1(d)[3]]," "because there [was] no presumption of incarceration in [defendant's] case[s]." However, the judge found "[t]he State . . . comprehensively analyzed all [seventeen] factors of N.J.S.A. 2C:43-12(e)"[4] and

---

[3] R. 3:28-1(d) provides, in part:

> Persons Ineligible for Pretrial Intervention Without Prosecutor Consent . . . .
>
> The following persons . . . shall be ineligible for [PTI] without prosecutor consent to consideration of the application:
>
> > 1. Certain Crimes. A person who is charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility.
> >
> > 2. Prior Convictions. A person who has previously been convicted of an indictable offense in New Jersey, or its equivalent under the laws of another state or of the United States.

[4] Those statutory factors are:

> (1) The nature of the offense;
>
> (2) The facts of the case;
>
> (3) The motivation and age of the defendant;

(4) The desire of the complainant or victim to forego prosecution;

(5) The existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment;

(6) The likelihood that the applicant's crime is related to a condition or situation that would be conducive to change through his participation in supervisory treatment;

(7) The needs and interests of the victim and society;

(8) The extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior;

(9) The applicant's record of criminal and penal violations and the extent to which he may present a substantial danger to others;

(10) Whether or not the crime is of an assaultive or violent nature, whether in the criminal act itself or in the possible injurious consequences of such behavior;

(11) Consideration of whether or not prosecution would exacerbate the social

8

it "specifically concluded that factors [one, two, three, four, five, six, seven,

problem that led to the applicant's criminal act;

(12) The history of the use of physical violence toward others;

(13) Any involvement of the applicant with organized crime;

(14) Whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution;

(15) Whether or not the applicant's involvement with other people in the crime charged or in other crimes is such that the interest of the State would be best served by processing his case through traditional criminal justice system procedures;

(16) Whether or not the applicant's participation in pretrial intervention will adversely affect the prosecution of codefendants; and

(17) Whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program.

[N.J.S.A. 2C:43-12(e).]

nine, ten, eleven, fourteen] and [seventeen] weigh[ed] against [d]efendant's admission" into PTI. Therefore, the judge found defendant failed to show the UCPO's decision to reject defendant's PTI application "amounted to a patent and gross abuse of discretion," or that there was a basis for the court to override the UCPO's determination and admit defendant into PTI over the State's objection. Judge Lindemann also stated he was "not convinced" "the cited goals of PTI would clearly be subverted" by denying defendant's PTI appeal. Thus, he found "no reason to remand [defendant's] application to the State for further consideration."

In August 2020, defendant filed another motion in Union County, asking the court to compel his entry into PTI or the VDP over the UCPO's objection. Judge Candido Rodriguez, Jr. denied the motion on December 28, 2020. In a twenty-three-page opinion accompanying his order, Judge Rodriguez concluded defendant's motion was time barred under Rule 3:28-6(a). Much like Judge Lindemann, Judge Rodriguez also addressed defendant's motion notwithstanding the time bar. In doing so, Judge Rodriguez found he was precluded from reconsidering Judge Lindemann's May 29, 2020 order, explaining:

While [PTI] appeals may be sought, the case of State v. Waters[5] controls and holds that "an appeal by the defendant shall be made on motion to the [p]residing [j]udge of the Criminal Division or to the judge to whom the case has been assigned." . . . The Court in Waters further notes that nothing in . . . N.J.S.A. 2C:43-12 [to]-22, or the court rules provide[s] that a judge's decision of [a] PTI appeal can be appealed to or reversed by another Criminal Part [j]udge. . . . [D]enial of a PTI appeal is only challengeable to the Appellate Division after a judgment of conviction.

Judge Rodriguez also found "the State did not act in an arbitrary or capricious manner in rejecting [d]efendant from [the] VDP." In reaching this conclusion, the judge reasoned that pursuant to N.J.S.A. 2C:43-26(b)(1), "the prosecutor shall have the sole discretion to determine if an eligible servicemember qualifies for and is admitted into the [VDP]." (Emphasis added). Moreover, Judge Rodriguez found the UCPO considered the appropriate statutory factors under N.J.S.A. 2C:43-26(b)(1).[6] For example, the judge

---

[5] 439 N.J. Super. 215, 223 (App. Div. 2015).

[6] Those statutory factors are:

the nature of the eligible offense, the causative relationship between the person's diagnosed or apparent mental illness and the commission of the offense, the amenability of the servicemember to participation in the services of the program, the availability of case management and mental health services, the desires of

observed that the UCPO assessed defendant's amenability to participate in the services offered by the VDP and determined he "reoffended multiple times" while receiving treatment. Additionally, the judge found the UCPO accounted for the fact "the victims d[id] not want [d]efendant participating in [the] VDP" and "that diversion w[ould] likely not promote [defendant's] recovery or be in the interest of public safety." Additionally, the judge stated he agreed with the UCPO that "[d]efendant need[ed] calculated and lengthy treatment and the maximum two-year[] VDP . . . w[ould] not duly serve [him,] nor be in the best interest of the public's safety, especially since [d]efendant acts compulsively."

In November 2021, defendant pled guilty in Union County to one count each of fourth-degree invasion of privacy under Indictment Nos. 18-12-00755 and 19-10-00670. The next month, he was sentenced to two concurrent two-year probationary terms for these offenses. The judge also directed that defendant's concurrent sentences run concurrent to any sentence imposed in the

---

any victim, the person's history of prior convictions, and the probability that diversion will promote the servicemember's recovery, prevent future criminal behavior, and protect public safety.

[N.J.S.A. 2C:43-26(b)(1).]

pending Sussex County matter.

In October 2019, defendant filed a motion in Sussex County to compel his entry into PTI or the VDP over the SCPO's objections. During argument on defendant's PTI and VDP appeal on January 31, 2020, the judge stated:

> the State is the gatekeeper of PTI. . . . [O]ur jurisprudence . . . is that the[ State] ha[s] wide latitude to admit or deny . . . entrance into PTI. . . . [A] judge's role is not to override their judgment, but to intervene only when [the State's decision] is a patent and gross abuse of discretion. It is very hard to . . . find that [here,] that standard has been satisfied.

Additionally, the judge stated, "[i]t is pretty clear from the comprehensiveness of the State's response . . . that [this] certainly was[ not] a case of [the SCPO] giving short shrift to [defendant's application]." Still, at the conclusion of argument, the judge directed the SCPO to reassess defendant's request for admission into PTI or the VDP, and to particularly consider defendant's mental health issues, military service, and the fact that until recently, he "did not exhibit . . . criminal behavior."

The SCPO complied with this order, and on February 25, 2020, it filed a supplemental statement with the court, outlining its reasons for again rejecting defendant's request for admission into its diversionary programs. It reiterated that while defendant's "PTI/VDP application was under review, [he] was again

arrested in Union County for the same offense." In further support of its position, the SCPO highlighted the fact that defendant's "first arrest in Utah in no way curbed his criminal behavior," and defendant reoffended when "he was already supervised by [p]re-[t]rial [s]ervices." It also noted defendant previously admitted "[t]he best way to ensure he no longer repeat[ed the] pattern of risk-seeking, compulsive behavior [was] to place him under structured supervision where he [could] continue the progress of his comprehensive treatment plan." Therefore, "given the pervasiveness of [defendant's] issues and the extent of his criminal behavior," the SCPO contended defendant "require[d] more supervision" than its diversionary programs could offer.

In April 2020, the Sussex County judge heard additional argument on defendant's application. The judge referenced the SCPO's recent supplemental submission, but also acknowledged that defendant, until recently, "ha[d] lived the life of [a] law[-]abiding member of the community." Notwithstanding the judge's concerns that defendant "suffered . . . psychological wounds in the service of the governments that [were] now prosecuting him," the judge found "it would be disingenuous [for the court] to suggest that the State ha[d] not thoroughly thought through the nature of [defendant's] case[]."

Further, the judge stated he "could not find that [the SCPO] . . . failed to

consider all the elements of [defendant's] case." Accordingly, the judge found he would not "be justified in overriding [the SCPO's] judgment" or "substituting [his] judgment for" the SCPO's because he did not find the SCPO abused its discretion in a gross and "obvious[ly] patent way." On May 11, 2020, the judge entered a conforming order, denying defendant's PTI and VDP appeals "for the reasons stated on the record" on January 31, and April 14, 2020.

After defendant moved for reconsideration of the May 11 order, the judge heard argument on the motion in June 2020, and denied it by order dated August 25, 2020. In a brief written opinion, the judge stated that defendant's applications garnered his "sympathetic attention," and he was persuaded "the extreme battle trauma [defendant] suffered in [military] service . . . interfered with [defendant's] thinking and judgment and le[]d to th[is] charge[]." However, the judge explained he was compelled to deny defendant's PTI and VDP appeals because he could not find the SCPO's rejection of defendant's applications from these diversionary programs constituted "a gross and patent abuse of [its] broad discretion." Moreover, while the judge stated he "would be pleased if a higher [c]ourt found a basis to overrule [his] judgment," he concluded that "to overrule the State's denial . . . would be to substitute [his] judgment for theirs," "which [was] prohibited."

In February 2022, defendant pled guilty to one count of fourth-degree invasion of privacy under the Sussex County indictment. On May 13, 2022, he was sentenced to a four-year probationary term, concurrent to his Union County sentences, and conditioned on him serving sixty days in jail on weekends until the term was satisfied. However, the judge "[s]tay[ed] the jail sentence pending a timely appeal being filed by . . . [d]efendant as it relate[d] to the denial of his application to enter . . . PTI and [the VDP]."

On appeal, defendant raises the following arguments regarding his Union County convictions and the underlying May 29, and December 28, 2020 orders denying his PTI appeals:

POINT I

THE TRIAL COURT ERRED IN RULING THAT DEFENDANT'S MOTION TO COMPEL ENTRY INTO [PTI] OVER THE PROSECUTOR'S REJECTION WAS TIME-BARRED UNDER RULE 3:28-6(a).

POINT II

THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO [PTI] WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

16

Regarding his Sussex County conviction and the underlying May 11, and August 25, 2020 orders denying his PTI and VDP appeals, defendant contends:

POINT I

THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO [PTI] WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION WHICH MUST BE CORRECTED BY THIS COURT.

POINT II

ALTERNATIVELY, THE PROSECUTOR'S REJECTION OF DEFENDANT'S ADMISSION INTO THE [VDP] WAS AN ARBITRARY, PATENT, AND GROSS ABUSE OF DISCRETION.

These arguments are unavailing.

"PTI is a 'diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior.'" State v. Johnson, 238 N.J. 119, 127 (2019) (quoting State v. Roseman, 221 N.J. 611, 621 (2015)). The "primary goal" of PTI is the "rehabilitation of a person accused of a criminal offense." State v. Bell, 217 N.J. 336, 346 (2014).

Because a PTI decision is "a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), our review of a prosecutor's denial

17

of a PTI application is "severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness,'" State v. Negran, 178 N.J. 73, 82 (2003) (quoting State v. Leonardis (Leonardis II), 73 N.J. 360, 384 (1977)). Accordingly, a reviewing court may overturn a prosecutor's rejection of a PTI application only when a defendant "'clearly and convincingly establish[es]' that the decision rejecting his or her application was 'a patent and gross abuse of discretion.'" State v. Lee, 437 N.J. Super. 555, 563 (App. Div. 2014) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). A patent and gross abuse of discretion occurs when "the [PTI] denial[:] '(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment.'" Ibid. (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

"[F]or such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Roseman, 221 N.J. at 625 (quoting Bender, 80 N.J. at 93). "Where a defendant can make that showing, a [reviewing] court may admit a defendant, by order, into PTI over the prosecutor's objection." Ibid. (citing State v. Dalglish, 86 N.J. 503, 513 (1981)).

"When a reviewing court determines that the 'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion,' the reviewing court may remand to the prosecutor for further consideration." State v. K.S., 220 N.J. 190, 200 (2015) (quoting Dalglish, 86 N.J. at 509). "A remand to the prosecutor affords an opportunity to apply the standards set forth by the court 'without supplanting the prosecutor's primacy in determining whether [PTI] is appropriate in individual cases.'" Ibid. (quoting Dalglish, 86 N.J. at 514).

A defendant's admission into PTI "is uniformly reliant upon the recommendation of the criminal division manager, the consent of the prosecutor, and the approval of the judge designated to act on all matters pertaining to [PTI] in the vicinage." Id. at 197. When a prosecutor is determining whether a defendant should be diverted into PTI, the prosecutor must consider the non-exhaustive list of seventeen statutory factors set forth in N.J.S.A. 2C:43-12(e), including "[t]he desire of the complainant or victim to forego prosecution," N.J.S.A. 2C:43-12(e)(4), and "[t]he needs and interests of the victim and society," N.J.S.A. 2C:43-12(e)(7). See also Rule 3:28-4. Thus, a prosecutor "must make an individualized assessment of the defendant, taking into account all relevant factors." K.S., 220 N.J. at 202. "Because mental health issues

impact that assessment, the prosecutor is required to consider a defendant's mental illness." Ibid. (citing State v. Hoffman, 399 N.J. Super. 207, 214-15 (App. Div. 2008)).

Governed by these principles, we are persuaded there is no basis to reverse the challenged orders denying defendant's PTI appeals from Union or Sussex County. Regarding defendant's appeal from the denial of his entry into Sussex County's VDP, we add the following brief comments.

"[A]fter the filing of a criminal complaint, but prior to the disposition of such complaint, an eligible servicemember . . . may make an application to the prosecutor to participate in the [VDP]. The prosecutor may approve or conditionally approve an eligible servicemember's admission into the [VDP]." N.J.S.A. 2C:43-26(a). Except under limited circumstances not relevant to this appeal,

> the prosecutor shall have the sole discretion to determine if an eligible servicemember qualifies for and is admitted to the [VDP[7]] . . . after consideration of [1] the nature of the eligible offense, [2] the causative

---

[7] Administrative Directive #05-18 also states "[t]he law provides prosecutors with the sole discretion to determine if an eligible service[]member qualifies for and is admitted to the [VDP,] . . . rather than just providing the court with a recommendation for admission like other diversionary programs, such as [PTI] or the Conditional Dismissal Program." Admin. Off. of the Cts., Admin. Directive #05-18, Veterans Diversion Program (N.J.S.A. 2C:43-23 to -31), at 1 (June 4, 2018).

relationship between the person's diagnosed or apparent mental illness and the commission of the offense, [3] the amenability of the servicemember to participation in the services of the program, [4] the availability of case management and mental health services, [5] the desires of any victim, [6] the person's history of prior convictions, and [7] the probability that diversion will promote the servicemember's recovery, prevent future criminal behavior, and protect public safety.

[N.J.S.A. 2C:43-26(b)(1) (emphasis added).]

Based on the fact N.J.S.A. 2C:43-26(b)(1) affords the State "sole discretion" to admit an eligible servicemember into the VDP, the State posits that defendant has no right to appeal from the denial of his application into the VDP. Defendant disagrees, urging us to reverse the May 11 and August 25, 2020 orders upholding the SCPO's denial of his application to enter the VDP, and contending the SCPO's rejection of his application was an arbitrary, patent and gross abuse of the State's discretion.

Defendant's argument fails. As the assistant prosecutor observed during the June 2020 hearing on defendant's reconsideration motion—and defendant did not dispute—the process for determining eligibility for a defendant's entry into the VDP "is similar to PTI" because the statutory VDP factors the State must consider "are . . . almost a mirror of the PTI factors." Moreover, the assistant prosecutor recited the statutory VDP factors and confirmed she

21

considered them. For example, she stated: (1) the SCPO did not "dispute[] . . . there [wa]s a relationship between . . . defendant's mental health[] and what . . . occurred not only [in Sussex County,] but also in Union County and in Utah"; (2) the "victim . . . made clear" she objected to defendant's entry into the VDP; and (3) the SCPO weighed the need to "protect[] public safety from . . . defendant's actions going forward."

Additionally, the assistant prosecutor represented during argument that SCPO's VDP provided less supervision than PTI, and the State had already concluded "the level and supervision of PTI . . . [wa]s not enough" for defendant. She explained the VDP was "not meant for a case where somebody [like defendant] has really deep mental health issues which . . . harmed many people, specifically women in this case."

Given these facts and the reasons outlined in the Sussex County judge's oral and written opinions, we perceive no basis to disturb his determination that the SCPO properly weighed and considered the appropriate statutory factors under N.J.S.A. 2C:43-26(b)(1), and that its decision to reject defendant's VDP application did not constitute a patent and gross abuse of its discretion. Thus, we do not reach the State's informal claim that its denial of defendant's VDP application is not subject to review. That said, we remind the parties that

"judicial review must always be available to 'check . . . the most egregious examples of injustice and unfairness.'" State v. Maurer, 438 N.J. Super. 402, 417 (App. Div. 2014) (quoting Leonardis II, 73 N.J. at 384).

In sum, we affirm defendant's judgments of conviction and lift the stay of the sixty-day jail sentence imposed under the May 13, 2022 Sussex County judgment of conviction. We also affirm the challenged orders regarding defendant's PTI and VDP appeals for the reasons set forth in the judges' written and oral opinions.

To the extent we have not specifically addressed any of defendant's remaining arguments, we are persuaded they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2038-21